Filed 4/3/15  Quiles v. Koji's Japan Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMANDA QUILES et al., | |
| Plaintiffs and Appellants, | G049238 |
| v. | (Super. Ct. No. 30-2010-00425532) |
| KOJI'S JAPAN INCORPORATED et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment and postjudgment orders of the Superior Court of Orange County, Nancy Wieben Stock, Judge.  Affirmed.

Bryan Schwartz Law and Bryan Schwartz for Plaintiffs and Appellants.

Law Office of Stephen A. Madoni and Stephen A. Madoni for Defendants and Respondents.

\*          \*          \*

INTRODUCTION

In this employment case, plaintiffs Amanda Quiles, Heather Turman, and Kimberly Dang (plaintiffs) amended their complaint to add AJ Parent, LLC, as a defendant. They alleged that AJ Parent, LLC, was an alter ego of their former employer, defendant Koji's Japan Incorporated, and its owner, defendant Arthur J. Parent Jr.[1] AJ Parent, LLC, demurred to the complaint on the ground it was erroneously sued because it was the wrong party and plaintiffs should have sued A.J. Parent Company, Inc., instead. The trial court sustained the demurrer with leave to amend, and plaintiffs amended their pleading to name the correct entity; the amended pleading, that is now the operative pleading, does not name AJ Parent, LLC, as a defendant, or otherwise refer to it.

AJ Parent, LLC, successfully moved to be dismissed from the case with prejudice and to recover $1,000 in prevailing party attorney fees under Labor Code former section 218.5, and $3,257.10 in costs. Plaintiffs argue the trial court erred by dismissing AJ Parent, LLC, with prejudice and by awarding it prevailing party attorney fees and costs.

We affirm. The trial court properly dismissed AJ Parent, LLC, from the case with prejudice under Code of Civil Procedure section 581, subdivision (f)(2). The court properly awarded AJ Parent, LLC, prevailing party attorney fees under Labor Code former section 218.5 for the cause of action alleged against it, seeking recovery of unpaid compensation. Plaintiffs do not challenge the amount of attorney fees awarded. Once dismissed from the lawsuit, AJ Parent, LLC, was entitled to recover its costs under Code of Civil Procedure section 1032, subdivision (a)(4). Plaintiffs fail to meet their burden, on appeal, of demonstrating the trial court's denial of their motion to strike or tax costs constituted an abuse of discretion.

---

[1] We refer to Arthur J. Parent, Jr., by his first name for purposes of clarity; we intend no disrespect.

2

BACKGROUND

In November 2010, plaintiffs, as individuals and "on behalf of all others similarly situated, and on behalf of the general public," filed a proposed class action against Koji's Japan Incorporated (Koji's) and Arthur, asserting several state and federal wage and hour claims, and violation of California's unfair competition law (Bus. & Prof. Code, § 17200 et seq.).

During discovery, plaintiffs learned that Koji's was owned by Arthur, Koji's was shut down, and Arthur and his other business, AJ Parent Corporation (a printing company doing business as "America's Printer") paid Koji's debts on occasion. After searching the California Secretary of State's Web site, plaintiffs' counsel found "AJ Parent LLC" and thus decided to name AJ Parent, LLC, as a defendant and alter ego of Koji's.

In August 2012, plaintiffs filed their "second amended class and collective action complaint for damages, restitution and injunctive relief" against Koji's, Arthur, and AJ Parent, LLC. (Capitalization, boldface, & underscoring omitted.) The second amended complaint contained claims for (1) failure to pay overtime wages in violation of Labor Code sections 510, 1194, and 1198, and of Industrial Welfare Commission (IWC) wage orders; (2) failure to pay earned wages upon discharge and waiting time penalties; (3) failure to provide timely, accurate, itemized wage statements in violation of Labor Code section 226; (4) failure to provide and/or authorize meal and rest periods/unpaid wages in violation of Labor Code sections 226.7 and 512 and IWC wage orders; (5) failure to compensate for all hours worked in violation of Labor Code sections 221 and 223 and IWC wage orders; (6) failure to pay the minimum wage in violation of Labor Code sections 1182.11, 1182.12, 1182.13, 1194, and 1197, and "the California Minimum Wage Order, MW-2001"; (7) violation of the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.); (8) violation of the unfair competition law; (9) retaliation for

3

protected activity in violation of Labor Code section 98.6 and 29 United States Code section 215(a)(3); and (10) civil penalties pursuant to Labor Code section 2698 et seq. The second amended complaint alleged, "[u]pon information and belief, AJ Parent LLC does business as America's Printer and has a second 'dba' name—A&A Graphics." The second amended complaint contained alter ego allegations, stating: "Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Arthur J. Parent, Jr., Koji's Japan, Inc. and AJ Parent, LLC dba America's Printer, operated with a unity of interest and ownership such that the separate personalities of the corporations and the equitable owner do not in reality exist."

Arthur and AJ Parent, LLC, filed a demurrer to the second amended complaint. They also filed a motion to strike portions of the second amended complaint, including references that AJ Parent, LLC, conducted business as America's Printer.

The trial court sustained the demurrer to the second amended complaint, with 20 days' leave to amend, "as to the allegations against A.J. Parent, the individual and **Overruled** as to the allegations of alter ego." The court explained: "The Demurrer is properly brought because the allegation[s] continue to change over time. [¶] The alter ego allegations are sufficient when read together with the concurrent Motion for Leave to Amend. However, the allegations against the individual, A.J. Parent, as an employer are based upon factual and legal conclusions which do not constitute a cause of action. The fact that Mr. Parent is the owner of a close corporation does not make him the employer of the company's employees."

The trial court also granted Arthur and AJ Parent, LLC's motion to strike portions of the second amended complaint, without leave to amend, explaining: "There are no facts to support an award of punitive damages and facts are not delineated as to each Defendant sufficient to impose liability on each for such damages. As discussed in the Motion for Leave to Amend, the allegation(s) of America's Printer being a dba of AJ Parent LLC are improper."

4

In the same minute order, the trial court granted plaintiffs' motion for leave to further amend their complaint, and stated: "The Third Amended Complaint shall be filed and served no later than December 20, 2012 and shall contain no material outside the scope of the current rulings. . . . [¶] This motion seeks to amend the Second Amended Complaint by adding as a new (Doe) Defendant the entity 'A.J. Parent Inc., dba AMERICASPRINTER.COM.' . . . (Note: the proposed Third Amended Complaint does not all-capitalize the dba, as does this Motion. Which way is it?) Plaintiffs have adequately explained why they did not know of the true nature and/or role of this entity until recent depositions were taken. There is no prejudice to Defendant(s) that has been shown."

The third amended complaint was filed in December 2012 and named A.J. Parent Company, Inc., and Arthur as alter ego defendants; the third amended complaint did not name AJ Parent, LLC, as a defendant, or otherwise refer to AJ Parent, LLC.

In May 2013, counsel for Arthur, AJ Parent, LLC, and Koji's appeared ex parte, seeking an order dismissing AJ Parent, LLC, from the case with prejudice. The trial court denied the ex parte application on the ground that such relief must be sought through a noticed motion. Also in May, the court granted certification of a class and subclass of plaintiffs' claims against Koji only.

In June 2013, AJ Parent, LLC, filed a motion to dismiss it on the ground "that after the court sustained AJ PARENT, LLC's motion to strike and demurrer (in part) to the second amended complaint, the Plaintiffs' third amended complaint failed to include any allegations against Defendant AJ PARENT, LLC. After numerous depositions and discovery, it is presumed that the Plaintiffs' third amended complaint is stated as strongly as possible and accordingly this Defendant should be dismissed with prejudice." Hearing on the motion to dismiss was noticed for August 2.

At the July 17, 2013 case management conference, the trial court stated it wanted to discuss the pending motion to dismiss "an entity that's not currently named in

5

any operative complaint." AJ Parent, LLC's counsel did not appear at the case management conference and was instead represented with all defendants by specially appearing counsel.

The trial court informed AJ Parent, LLC's specially appearing counsel that if AJ Parent, LLC's counsel of record had been present at the conference, the court would have "urged him in the strongest possible terms to withdraw that motion under [section] 128.7 [of the Code of Civil Procedure]." The court stated, "I don't see that that could have merit. AJ Parent, LLC, went out on a prior court order and has not returned, and there's no indication by [plaintiffs' counsel] that he intends to ever amend back in to include AJ Parent, LLC." Plaintiffs' counsel agreed with the trial court's assessment, adding, "it's a totally unnecessary gesture. It's going to cause us to incur expenses and has already caused us to incur fees to respond. And I'm going to have to come down there and argue on this, and it's a frivolous motion."

On July 17, 2013, the trial court vacated the August 2, 2013 hearing date on AJ Parent, LLC's motion to dismiss, "subject to a reset at a later time." The court stated that pursuant to section 128.7, subdivision (c) of the Code of Civil Procedure, it would issue an order to show cause why the court should not find that subdivision (b) of section 128.7 had been violated "by presenting a motion before the court for which there is no legal support and that it's frivolous and possibly filed for the purpose of harassment and unnecessary expense to the court and opposing counsel. [¶] Under subsection (b) of 128.7, the indicated sanction would be $1,000 payable to the clerk of the court. The hearing on the OSC [(order to show cause)] will be set in just a moment. Any responsive declarations in opposition thereto or in response thereto shall be filed three court days before hearing, served on the other side. No pleading is required to be filed by the plaintiff. [¶] The whole purpose is to avoid costs, and the court will enter an order that the voluntary withdrawal of the motion two court days before hearing will cause the OSC

6

to go off calendar, without further order of the court. [¶] The hearing date on the OSC will be August 2nd, 2013, at 9:00 a.m."

Our record next shows that on August 2, 2013, the trial court granted AJ Parent, LLC's "unopposed" motion to dismiss AJ Parent, LLC, with prejudice. The court's signed order dismissed AJ Parent, LLC, from the action with prejudice, and further ordered that "AJ Parent, LLC is considered prevailing party in this matter." On August 8, 2013, AJ Parent, LLC, filed a memorandum of costs, claiming costs in the total amount of $3,257.10, specifying that it was requesting filing and motion fees in the amount of $1,675 and deposition costs in the amount of $1,582.10.

On August 8, 2013, plaintiffs filed an ex parte application, seeking the court's reconsideration of its order dismissing AJ Parent, LLC, without prejudice and also seeking the court's correction of the record stating that plaintiffs did not oppose AJ Parent, LLC's motion to dismiss. On August 12, the trial court denied plaintiffs' ex parte application because "Moving Party has not made the requisite showing for entitlement to the relief requested on an ex parte basis."

Plaintiffs filed a motion to vacate the court's order dismissing AJ Parent, LLC, with prejudice, pursuant to Code of Civil Procedure section 663; plaintiffs also moved for a new trial under Code of Civil Procedure sections 657 and 659. Plaintiffs explained: "Plaintiffs present compelling reasons to vacate the Court's August 2, 2013 Order granting Defendant's Motion to Dismiss with Prejudice. The Court expressly indicated at the July 17, 2013 case management conference that it was not going to receive an opposition to the Motion to Dismiss and that no appearance was necessary, because the Court was specifically taking the motion off-calendar to avoid undue consumption of resources on a frivolous motion. Accordingly, Plaintiffs' counsel followed the Court's directions, did not file any opposition. The Court'[s] August 2, 2013 Order incorrectly states that Defendant's motion was unopposed. The Court should vacate the August 2, 2013 order and order a new trial because the irregularity in the

7

proceedings of the court materially affects the substantial rights of Plaintiffs because Plaintiffs were not provided with an opportunity to be heard. Furthermore, the Court's order is 'not supported by the facts' including the transcript from the July 17, 2013 case management conference, the meet and confer letters between the parties, and detailed information regarding the briefing prior to the Court's November 30, 2012 Order. Plaintiffs therefore request that the Court vacate the dismissal with prejudice and order a new trial."

On August 27, 2013, AJ Parent, LLC, filed a motion for prevailing party attorney fees under Labor Code former section 218.5, through which it sought an attorney fees award of $10,176.

Our record shows that on August 30, 2013, plaintiffs filed an *amended* memorandum of points and authorities in support of a motion to strike costs or, alternatively, to tax costs. (Notwithstanding plaintiffs' submission of both an appellants' appendix and appellants' reply appendix, our record does not include plaintiffs' notice of motion, motion, original memorandum of points and authorities, or any other concurrently filed supporting documents for that motion.)

Plaintiffs argued AJ Parent, LLC, sought recovery of costs it did not incur, including costs for depositions which AJ Parent, LLC, did not take. Plaintiffs' counsel filed a declaration in support of the amended motion to strike or tax costs, which showed that two depositions had been taken in this case since AJ Parent, LLC, was named as a defendant, although those depositions were not taken by AJ Parent, LLC. In addition, counsel's declaration showed plaintiffs propounded requests for production of documents on AJ Parent, LLC, and it responded to at least one set of document requests.

On October 11, 2013, the trial court granted AJ Parent, LLC's motion for attorney fees and awarded it $1,000 in attorney fees. The court explained: "Fees are available to Defendant on any cause of action Plaintiffs pursued for wages, fringe benefits or health and welfare or pension fund contributions, except those causes of

8

action for which attorney's fees are recoverable under Labor Code section 1194. Here, fees are probably only involved in the Fifth Cause of Action [(failure to compensate for all hours worked)]. Therefore the recovery of fees is to a very small percentage of the action. The majority of the fees were expended on the majority of the action and not recoverable. [¶] The Amendment to Labor Code Section 281.5 is not retroactive and therefore the amended provision does not apply here. Plaintiffs have failed to argue effectively otherwise. It does not matter that the amendment may have been a clarification, the law prior to the amendment was set forth by the Supreme Court in the *Kirby* case, which specifically allowed the fee-shifting in actions for nonpayment of wages; specifically finding meal and rest break actions not to be actions for wages."

The court denied plaintiffs' motion to strike or tax costs, stating: "The costs submitted represent a modest package of focused expenses properly related to this particular Defendant's participation in its own defense. Plaintiffs have not properly objected to the costs, as they have failed to show the filing fees and two deposition costs were unnecessary or unreasonable, as is their burden. The objection to costs must consist of something more than mere statements in the points and authorities or the declaration of counsel [citation]."

The court also denied plaintiffs' motion to vacate the court's dismissal order and order a new trial, stating: "The dismissal was proper and no notice had to be given to Plaintiffs regarding the dismissal [citation]. There is no need to vacate the order and grant a new trial when the outcome is going to be the very same; a dismissal with prejudice of AJ Parent, LLC. Plaintiffs have cited no legal authority for the proposition that it is entitled to a dismissal without prejudice."

Plaintiffs appealed.

9

DISCUSSION

I.

AJ PARENT, LLC, WAS PROPERLY DISMISSED FROM THE CASE WITH PREJUDICE.

Plaintiffs argue the trial court erred by ordering AJ Parent, LLC, dismissed with prejudice and by subsequently denying their motion seeking to vacate the dismissal order and an order setting a new trial. Plaintiffs' argument is without merit.

Plaintiffs do not dispute that they erroneously named AJ Parent, LLC, in the second amended complaint as a defendant and inaccurately alleged it was an alter ego of Koji's that also did business as America's Printer. Plaintiffs acknowledge in their opening brief they should have named A.J. Parent Company, Inc., instead. After the trial court sustained Arthur and AJ Parent, LLC's demurrer to the second amended complaint with leave to amend, plaintiffs corrected their mistake by filing the third amended complaint naming A.J. Parent Company, Inc., as a defendant in place of AJ Parent, LLC. AJ Parent, LLC, was not mentioned in the third amended complaint.

Consequently, AJ Parent, LLC, was entitled to seek its dismissal from the case with prejudice under Code of Civil Procedure section 581, subdivision (f), which provides: "The court may dismiss the complaint as to that defendant when: [¶] . . . [¶] (2) Except where Section 597 applies, after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by court and either party moves for dismissal." In other words, section 581, subdivision (f)(2) "'. . . gives the defendant the right to obtain a court order dismissing the action with prejudice once the court sustains a demurrer with leave to amend and the plaintiff has not amended within the time given.'" (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 330.)

In *Cano v. Glover*, *supra*, 143 Cal.App.4th at pages 329-330, the appellate court explained that although "[t]he phrase 'may dismiss' [in Code of Civil Procedure section 581, subdivision (f)] means discretionary dismissal," there have been "no cases [that] have held that a dismissal pursuant to section 581, subdivision (f)(2) may be

10

without prejudice. The right to dismiss *without* prejudice is expressly permitted by other subdivisions of section 581 but section 581, subdivision (f)(2) does not so provide. [Citations.] '[A] plaintiff's right to a voluntary dismissal is cut off as of the moment there is a ruling which effectively disposes of the case.' [Citation.] The dismissal without prejudice is also at variance with the California Rules of Court. Rule 325(f) provides for dismissal, by ex parte application or noticed motion, of '*the entire action and for entry of judgment* after the expiration of the time to amend following the sustaining a demurrer . . . .' [Citation.] Judgment may only be entered if the case has been adjudicated to finality."

In *Cano v. Glover*, the appellate court held the trial court erroneously dismissed the defendant without prejudice (*Cano v. Glover*, *supra*, 143 Cal.App.4th at p. 328), explaining, "the dismissal without prejudice puts defendant in perpetual limbo, even on the issue of costs and attorney fees. Plaintiff forfeited his right to dismiss without prejudice when he filed the fourth amended complaint and did not name defendant. [Citations.] The failure to amend and state a cause of action against defendant is an admission that plaintiff has stated the case as strongly as he can and there are no facts that could be alleged to cure the defect" (*id.* at p. 330).

Similarly, in this case, plaintiffs' failure to amend the second amended complaint as to AJ Parent, LLC, constituted an admission they could not improve the complaint to state a claim against AJ Parent, LLC. Plaintiffs have not contended otherwise in the trial court or on appeal. Consequently, AJ Parent, LLC, had the right to move for a dismissal with prejudice under Code of Civil Procedure section 581, subdivision (f)(2), as nothing remained except for judgment to be entered in its favor.

There is no question plaintiffs had notice of not only the ex parte application seeking AJ Parent, LLC's dismissal with prejudice but also AJ Parent, LLC's noticed motion for its dismissal with prejudice. In the opening brief, plaintiffs argue the trial court directed plaintiffs' counsel not to file an opposition to the motion to dismiss;

11

our record does not show that the trial court gave such an instruction. Even if we were to assume the trial court had prohibited plaintiffs from filing an opposition to the motion to dismiss, plaintiffs have failed to offer any legal authority or argument showing AJ Parent, LLC, was not entitled to be dismissed with prejudice. To the contrary, plaintiffs' counsel argued in the trial court and in this appeal that he objected to the motion to dismiss because it was "redundant" of the effect of the sustained demurrer to the second amended complaint and the filing of the third amended complaint which omitted any reference to AJ Parent, LLC.

We find no error.

## II.

### THE ATTORNEY FEES AWARD WAS PROPER.

Plaintiffs also argue the trial court erred by awarding AJ Parent, LLC, $1,000 (of the requested $10,176) in prevailing party attorney fees under Labor Code former section 218.5. Plaintiffs' sole argument is that former section 218.5 did not authorize the prevailing party attorney fee awards in this case; they do not challenge the amount of fees awarded. Plaintiffs' argument is without merit.

"On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.)

Labor Code former section 218.5 provided in pertinent part: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Here, the trial court expressly awarded attorney fees under former section 218.5 as to the fifth cause of action contained in the second amended

12

complaint for "failure to compensate for all hours worked." (Boldface & capitalization omitted.)

In that cause of action, plaintiffs sought recovery for the nonpayment of wages. They alleged defendants, including AJ Parent, LLC, (1) "routinely required and requires Plaintiffs and the Class Members to work off-the-clock, without being compensated"; (2) "[t]he California Labor Code, including but not limited to §§ 221 and 223, and IWC Wage Order 5, require that employees be paid for all hours worked"; and (3) "Plaintiffs and Class Members thus seek and are entitled to all uncompensated wages, plus interest, and attorneys' fees and costs, under Cal. Labor Code § 218.5, as well as all other legal and equitable relief such as a court may find just and proper, including but not limited to an injunction prohibiting Defendants from requiring unpaid off-the-clock work." Thus, plaintiffs expressly sought the recovery of prevailing party attorney fees under Labor Code former section 218.5 at the commencement of its action against AJ Parent, LLC.

Labor Code former section 218.5 also provided: "This section does not apply to any action for which attorney's fees are recoverable under Section 1194." Labor Code section 1194 provides for recovery of the legal minimum wage or overtime compensation. The second amended complaint's first cause of action seeks recovery of overtime wages and the seventh cause of action seeks recovery for defendants' failure to pay minimum wage; the fifth cause of action does not seek the recovery of either overtime pay or minimum wage compensation.

Plaintiffs argue that after the trial court awarded AJ Parent, LLC, attorney fees under Labor Code former section 218.5, the Legislature amended that code section to add the following sentence to new subdivision (a): "However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith." (Lab. Code, § 218.5, subd. (a); see Stats. 2013, ch. 142, § 1.) Plaintiffs argue that

13

even though this amendment became effective on January 1, 2014, which was after the court's order awarding attorney fees, it applies here because the legislative history of the amendment to the current section 218.5 "showed that the statute was a mere clarification of existing law." This argument is without merit.

The legislative history, provided by plaintiffs in opposition to the motion seeking recovery of prevailing party attorney fees, included the Legislative Counsel's Digest of Senate Bill No. 462 (2013-2014 Reg. Sess.), described as "An act to amend Section 218.5 of the Labor Code, relating to employment." The Legislative Counsel's Digest states: "Existing law, except as specified, requires a court in any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, to award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. [¶] This bill would make the award of attorney's fees and costs where the prevailing party is not an employee contingent on a finding by the court that the employee brought the court action in bad faith." (Legis. Counsel's Dig., Sen. Bill No. 462 (2013-2014 Reg. Sess.).)

Consequently, the amendment to Labor Code former section 218.5, which became effective January 1, 2014, constituted a change in the law—not a mere clarification. The applicable law at the time the instant attorney fees award was made did not condition such an award on a finding the plaintiffs brought this lawsuit in bad faith. The attorney fees award was therefore proper.


III.

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFFS' MOTION TO STRIKE COSTS OR, IN THE ALTERNATIVE, TO TAX COSTS.

Code of Civil Procedure section 1032, subdivision (b) states, "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Section 1032, subdivision (a)(4) defines "prevailing party" to include "a defendant in

14

whose favor a dismissal is entered." After it obtained an order dismissing it from the case with prejudice, AJ Parent, LLC, filed a memorandum of costs requesting a total award of costs in the amount of $3,257.10 for filing and motion fees and deposition costs. The memorandum of costs was signed by AJ Parent, LLC's attorney on its behalf, in which he attested, "[t]o the best of [his] knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case." (See Cal. Rules of Court, rule 3.1700(a)(1).) Plaintiffs argue the trial court erred by denying their motion to strike AJ Parent, LLC's costs or, in the alternative, to tax them.

"'''A verified memorandum of costs is *prima facie* evidence that the costs have been necessarily incurred. . . ." [Citation omitted.]'" (*County of Kern v. Ginn* (1983) 146 Cal.App.3d 1107, 1111.) "Unlike the costs memorandum, a motion to strike or tax need not be verified. But where the objections are based on factual matters (e.g., disputes as to nature or amount of particular costs), the motion to strike must be supported by declarations under penalty of perjury." (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2014) ¶ 17.139, p. 17-84; see *County of Kern v. Ginn*, *supra*, at pp. 1113-1114.) We review the denial of a motion to tax costs for abuse of discretion. (*Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.)

Plaintiffs do not argue that the nature of the costs sought by AJ Parent, LLC, were unrecoverable, but that the requested costs were unreasonable and unnecessary. Where cost items are challenged as not reasonably necessary or unreasonable in amount, the standard of review places a particularly heavy burden on the appellant because "'[t]he determination of reasonableness is peculiarly within the trial court's discretion. [Citation.] "Whether a cost is 'reasonably necessary to the conduct of the litigation' is a question of fact for the trial court, whose decision will be reviewed for abuse of discretion. [Citations.]" [Citation.]' [Citation.]" (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 77.) "To the extent the [costs] statute grants the [trial] court discretion in allowing or denying costs or in determining amounts,

15

we reverse only if there has been a "'"clear abuse of discretion" and a "miscarriage of justice."'" [Citation.]" (*Chaaban v. Wet Seal, Inc.*, *supra*, 203 Cal.App.4th at p. 52.)

Plaintiffs' counsel filed a declaration "in support of plaintiffs' amended motion to strike costs and in the alternative tax costs." (Capitalization omitted.) That declaration combined with the trial court's record showed that from the time AJ Parent, LLC, was named as a defendant in this case, it filed a demurrer and motion to strike as to the second amended complaint, participated in the depositions of two plaintiffs in the case, applied ex parte for an order of dismissal with prejudice, and filed a noticed motion seeking dismissal with prejudice. The trial court expressly stated it had awarded costs that consisted of "focused expenses properly related to this particular Defendant's participation in its own defense." The trial court did not abuse its discretion by concluding AJ Parent, LLC's requested costs were reasonably necessary and reasonable in amount.

In the opening brief, plaintiffs argue that the trial court erred by failing to apportion costs incurred by AJ Parent, LLC, from costs incurred by other defendants. Plaintiffs offer several arguments on appeal, including a discussion of evidence suggesting that AJ Parent, LLC, might have jointly incurred the $525 demurrer filing fee with Arthur and that AJ Parent, LLC, jointly incurred $1,582.10 in deposition transcript fees with other defendants. The problem is that plaintiffs have not submitted a record showing they provided such an argument or analysis to the trial court in support of their motion to strike or tax costs.

As discussed *ante*, our record does not include plaintiffs' notice of motion or motion to strike or tax costs, or their original memorandum of points and authorities in support of that motion. Our record contains plaintiffs' amended memorandum of points and authorities in support of the motion to strike or tax costs, but that document did not contain any argument that the trial court should apportion costs among defendants, which strongly suggests plaintiffs' motion was not made on that basis.

16

Plaintiffs first raised the apportionment issue in their reply brief filed in support of the motion to strike or tax costs. In their reply brief, plaintiffs' apportionment argument consisted of the following: "In addition, even if Defendants' costs were recoverable, they must also be apportioned between AJ Parent LLC and the Defendants which have not prevailed in this action. [Citation.] *Fennessy*[ *v. DeLeuw-Cather Corp.* (1990) 218 Cal.App.3d 1192] explains that this is to avoid the possibility of double-compensation, multiplying litigation, or confusion with the co-defendants who will not recover costs now. . . . Here, if Koji's Japan Inc. were to prevail, would it also be able to recover the costs from the Quiles and Turman depositions, which related largely to Koji's' liability? No. Can the Court tolerate a confusion between various Defendants as to which is entitled to receive the costs paid? It cannot. Defendant's cost petition is inadequate and should be denied."

Plaintiffs did not offer to the trial court a meaningful argument or analysis of how the evidence they submitted in support of the motion, or the evidence submitted by AJ Parent, LLC, in opposition to the motion, rebutted AJ Parent, LLC's verified memorandum of costs attesting that AJ Parent, LLC, had incurred $3,257.10 in costs. Plaintiffs did not argue to the trial court how the requested costs reflected costs not actually incurred by AJ Parent, LLC, but instead costs jointly incurred by AJ Parent, LLC, along with one or more codefendants. This case is therefore readily distinguishable from *Fennessy v. DeLeuw-Cather Corp.*, *supra*, 218 Cal.App.3d at page 1196, in which the appellate court observed, "it was undisputed that all defendants were represented by the same counsel, who took depositions and performed other tasks that benefitted all defendants."

During the hearing on the motion to strike or tax costs, plaintiffs' counsel argued AJ Parent, LLC, sought the recovery of deposition transcript fees for depositions it did not take and of which only a small percentage of the examination pertained to AJ Parent, LLC. Plaintiffs' counsel argued: "[A]pportionment is required where we still

17

have viable claims against the other entities in the case. These depositions would have been taken anyway, in every respect, other than the arguments between counsel on the record about whether or not [AJ Parent, LLC's counsel] should be asking these restaurant workers what they knew about the corporate formalities."

The trial court responded: "I do not concur that in a co-defendant case, just because a defendant doesn't personally notice a depo, that they can't claim the costs, or that a co-defendant needs to leave the room on a question-by-question basis or not order a transcript on a page-by-page basis in a case that involves common facts. [¶] So I understand your approach, but I think the other side's submission is quite reasonable, and I'm going to rule in accordance with the tentative."

On this record, we cannot conclude the trial court abused its discretion in awarding AJ Parent, LLC, $3,257.10 in costs.

DISPOSITION

The judgment and postjudgment orders are affirmed. Respondents shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

18