[No. A042804. First Dist., Div. Two. Mar. 19, 1990.]

JAMES L. FENNESSY, Plaintiff and Appellant, v. DeLEUW-CATHER CORPORATION et al., Defendants and Respondents.

**COUNSEL**

McCartin & Wollett and Fritz Wollett for Plaintiff and Appellant.

Foster, Monroe & Flitner and Robert A. Nellessen for Defendants and Respondents.

OPINION

KLINE, P. J.—Appellant James L. Fennessy appeals from an award of costs to Edward Gerulat, the sole defendant out of six who was granted summary judgment in the trial court. Appellant contends the court erred in awarding Gerulat all costs requested when the majority of those costs were incurred on behalf of all defendants. Appellant also maintains that even if the award was proper, execution of the award should be stayed until the action has been resolved. We shall reverse.

## STATEMENT OF THE CASE AND FACTS

On January 3, 1986, appellant filed a complaint alleging he had been wrongfully discharged from his employment as a safety engineer with Greeley & Hansen Company. The complaint named six defendants, three of whom comprised a joint venture that had contracted with the City and County of San Francisco to administer the construction of the San Francisco Clean Water Program. Appellant's complaint alleged he was terminated in violation of Labor Code section 1102.5 in retaliation for his complaints to various official agencies regarding alleged fraud and corruption in the clean water program. All of the defendants were represented by the same law firm.

In February 1988 all defendants moved for an order of summary judgment, or summary adjudication. Summary judgment was granted as to defendant Gerulat and denied as to the other defendants. An order granting the summary judgment was filed on April 4, 1988.

On March 30, 1988, Gerulat filed a memorandum of costs. On April 7, 1988, appellant moved to strike Gerulat's memorandum of costs or, alternatively, to tax costs. The motion was heard and denied on April 29. On May 27 appellant was ordered to pay Gerulat $4,378.53 in costs.

This timely appeal followed.

## DISCUSSION

■ Code of Civil Procedure section 1032, subdivision (b) provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." According to the statute, a "defendant in whose favor a dismissal is entered" is a prevailing party for purposes of the statute. (Code Civ. Proc., § 1032, subd. (a)(4).) Appellant argued below and now argues on appeal that although Gerulat was a prevailing party, he was not entitled to the costs claimed because they had been incurred collectively by

all the defendants. The trial court rejected this argument, concluding (1) appellant had not met his burden of disputing the validity of the claimed costs; and (2) under the authority of *Kramer* v. *Ferguson* (1964) 230 Cal.App.2d 237 [41 Cal.Rptr. 61] appellant was not entitled to have the costs apportioned among the six defendants. We disagree with both conclusions.

At the hearing on the motion for costs the court correctly observed that because Gerulat had made out a prima facie showing of his entitlement to the claimed costs, appellant had the burden of establishing that the costs were not legitimate. The court erred, however, in concluding that appellant had not met that burden. California Rules of Court, rule 870 (b)(2) provides that "[*u*]*nless objection is made to the entire cost memorandum,* the motion to strike or tax costs shall refer to each item objected to . . . and shall state why the item is objectionable." In this case appellant clearly challenged all the costs sought and thus did not have to specify each of the objectionable items.[1]

Furthermore, appellant's attorney admitted that the costs were "necessarily incurred," and that he was only questioning Gerulat's entitlement to costs incurred by all six defendants. By raising this question in his motion papers we think appellant adequately placed in issue Gerulat's right to recover the costs he sought.

Respondent argues that appellant's "conclusory allegations" were insufficient to challenge the cost memorandum filed by Gerulat. In this connection, respondent relies upon *County of Kern* v. *Ginn* (1983) 146 Cal.App.3d 1107, 1113-1114 [194 Cal.Rptr. 512] and *Rappenecker* v. *Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266 [155 Cal.Rptr. 516], cases in which the party challenging the award of costs failed to adequately rebut the other party's right to those costs. In *Ginn,* the court held that bare allegations that certain depositions were neither necessary nor reasonable were insufficient to undermine the county's right to recover the cost of those depositions. In *Rappenecker,* where six actions were consolidated, the defendant claimed certain costs were sought by two plaintiffs in an attempt to circumvent the settlement agreement with the other plaintiffs, who had agreed to bear their own costs.

*Ginn* and *Rappenecker* are distinguishable because in each the party challenging the award of costs could have filed affidavits specifying

---

[1] The memorandum filed in support of appellant's motion to strike argues that "there is no basis for awarding defendant Gerulat any costs because none of the costs that he claims were incurred by him individually in defense of this lawsuit."

additional facts necessary to support his claims.[2] Here, on the other hand, it was undisputed that all defendants were represented by the same counsel, who took depositions and performed other tasks that benefitted all defendants. Once appellant questioned Gerulat's entitlement to costs incurred by the six defendants nothing more needed to be or could have been added by additional declarations or affidavits; it was then up to the court to determine whether (1) Gerulat would have to prove he had personally incurred the challenged expenses; or (2) Gerulat was for some other reason entitled to the claimed costs (even if they were chargeable to all the defendants). In sum, the court erred in concluding appellant had not sufficiently challenged Gerulat's right to recover the claimed costs.

■ The court cited *Kramer* v. *Ferguson, supra,* 230 Cal.App.2d 237 as support for its conclusion that the costs sought by Gerulat did not have to be apportioned among the defendants. In *Kramer,* plaintiffs, members of the city council of the City of Seaside, sued 20 defendants in two consolidated libel actions. Following trial two prevailing defendants sought costs; the plaintiffs complained that two defendants ought not be compensated for costs incurred by 18 defendants. The court rejected this argument based on the fact that the defendants' assertions that the costs had been "necessarily incurred" were uncontroverted. (230 Cal.App.2d at p. 250.)

*Kramer* is different from the case before us in two fundamental ways. First, while the plaintiffs in *Kramer* failed to challenge the defendants' right to the costs sought, in the instant case appellant's motion papers placed in issue Gerulat's entitlement to the costs claimed. Second, and perhaps more importantly, in *Kramer* the costs were awarded after the conclusion of trial. Thus, there was no chance of additional successful defendants subsequently seeking costs from plaintiffs who already had paid for some of those costs. In comparison, Gerulat was awarded costs following summary judgment; if any of the five remaining defendants ultimately prevail they too may seek reimbursement for some costs already awarded to Gerulat. In that event the other prevailing defendants presumably would be left to an action against Gerulat to divide the costs he received. Because this possible result unnecessarily increases the likelihood of additional litigation, we have concluded that where a prevailing party incurs costs jointly with one or more parties who remain in the litigation, *during the pendency of the litigation* that party may recover only costs actually incurred by a party or in its behalf in prosecuting or defending the case.

---

[2] For example, Ginn should have specified the reasons he believed the depositions were unnecessary and the defendant in Rappenecker could have provided the facts underlying its suspicion that certain costs were improperly claimed in violation of its settlement agreements.

For the foregoing reasons, the trial court erred in awarding Gerulat the total costs claimed without ascertaining whether he in fact incurred such costs.

The judgment is reversed. The cause is remanded to provide defendant Gerulat an opportunity to prove those costs actually incurred by him in defending against this litigation.[3]

Benson, J., and Peterson, J., concurred.

---

[3] In light of our conclusion we need not address appellant's contention that execution of Gerulat's cost award should be stayed until resolution of the underlying litigation.