[No. B065767. Second Dist., Div. Four. June 6, 1994.]

LEON SLAVIN, Plaintiff and Respondent, v.
ALBERT FINK, Defendant and Appellant.

**COUNSEL**

Sigel & Boothe and Allan A. Sigel for Defendant and Appellant.

Buchalter, Nemer, Fields & Younger, Murray M. Fields and Michael A. Duckworth for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—This is a companion case to *Slavin v. Borinstein, ante,* page 713 [30 Cal.Rptr.2d 745].[1] In this action Leon Slavin (respondent), a building contractor, sued Albert Fink (appellant), an agent of Joan Borinstein (Borinstein), for recovery of construction fees, costs and lost profits relating to a residence being constructed by respondent for Borinstein. In the companion action, respondent sued Borinstein for the same damages. Borinstein also sued respondent claiming construction defects. The actions were consolidated and tried at the same time. Allan A. Sigel (Sigel) of Sigel & Boothe represented Fink and Borinstein in all actions.

On November 22, 1991, a judgment was rendered in favor of respondent and against Borinstein awarding him sums for unpaid construction costs plus interest, unpaid contractor's fees plus interest and loss of net profits plus interest for a total sum of $875,644.17. An offset was awarded in favor of Borinstein in the amount of $36,430.21, without interest. The trial court found that Fink was the disclosed agent for Borinstein relating to his negotiations with respondent on her behalf and awarded judgment in favor of Fink and against respondent.

Sigel, on behalf of Fink as the prevailing party, filed a memorandum of costs seeking $19,422.78 against respondent. Respondent filed a motion to strike the memorandum of costs or, in the alternative, to tax costs. Respondent argued, inter alia, that he was the prevailing party in the consolidated litigation and that the costs claimed by Sigel, on behalf of Fink, were really costs which benefitted Borinstein, the losing party.

After hearing on the motion, the trial court basically agreed with respondent and made the following findings: "2. The court finds that Fink has claimed the same costs as could have been claimed by Joan Nancy Borinstein ('Borinstein'), had she been a prevailing party in the case. There has been no attempt by Fink to separate out the costs attributable to Fink, and it is crucial that such allocation be made. Borinstein was the 'main' defendant in the case. Fink acted as her disclosed agent. It was a mistake for Slavin to have sued Fink in an individual capacity, because no facts supported an award of damages against Albert Fink personally. However, that mistake by Slavin does not permit Borinstein or Fink to turn the lawsuit around so as to make it appear that Fink was a 'main' defendant. The record is clear that Fink became entitled to a judgment in his favor by the mere failure of Slavin

---

[1]While the two cases are not formally consolidated for appeal, both matters are set for hearing on the same date and we take judicial notice of No. B063777 and the record on appeal in that action.

to present any evidence in support of a judgment against him personally. The court was not presented with any need to weigh conflicting evidence as to Fink. Fink prevailed by default. [¶] 3. The court concludes that an allocation must be made between the costs Borinstein would have been entitled to had she prevailed, and those necessarily incurred by Fink. Because Fink has failed to make an attempt to allocate the costs between himself and Borinstein, the court will have to make the allocation. Fink has also failed to prove the reasonableness of the claimed items, nor the necessity thereof, *as to him.* [¶] 4. Having tried the case, and being thoroughly familiar with the evidence, the court can and will make findings as to the reasonableness and necessity of costs *as to Fink.* [¶] 4.1 The only item clearly identifiable *as to Fink* is the 'first appearance fee' of $79.00. The court finds that the deposition costs, other motion fees, service of process fees and witness fees were not incurred in connection with the specific defense of Fink. [¶] 4.2 The court finds that the photos used for trial had nothing specific to do with Fink. They were all photos of various phases of the construction project in dispute, which related to Borinstein as the main defendant. [¶] 4.3 The court finds that the court reporter fees and the deposition fees, as far as the proof is concerned, had nothing specific to do with Fink. To the extent depositions were used at trial, they in no way related to testimony for or against Fink. [¶] 4.4 The court finds that no other costs have been established as actually incurred or necessarily incurred *by Fink.* In an effort to make a fair allocation, the court will allow the following costs claimed by Fink, and all additional costs are taxed and not allowed. [¶] 4.4.1 The sum of $79.00 for an appearance fee. [¶] 4.4.2 The sum of $960.00 which is approximately 5% of the remaining costs claimed by Fink."

■ Appellant now contends that the trial court abused its discretion in striking all but $1,039 of the cost bill. Respondent argues that the trial court acted well within its discretion. We agree with respondent.

Code of Civil Procedure section 1032, subdivision (a)(4) defines "prevailing party" for purposes of claiming costs after trial: " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief *and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides* pursuant to rules adopted under Section 1034." (Italics added.)

There is no doubt but that appellant has a right to recover costs incurred for his benefit because he was the prevailing party. However, the issue is

complicated because the actions were consolidated and appellant and Borinstein were represented by the same attorney and were united in interest against respondent. The issue of allocation of costs between defendants who were united in interest and were represented by the same law firm was presented in *Smith* v. *Circle P. Ranch Co.* (1978) 87 Cal.App.3d 267 [150 Cal.Rptr. 828], and the court held: "In those instances in which several defendants are united in interest and/or join in making the same defenses in the same answer, the allowance or disallowance of an award to prevailing defendants lies within the sound discretion of the court. [Citation.]" (*Id.* at p. 272.)[2]

Because the actions were consolidated and appellant and Borinstein were united in interest and shared the same counsel, we find that the circumstances of this case do not fall within the specific situations specified in Code of Civil Procedure section 1032, subdivision (a)(4). Therefore, pursuant to the terms of the statute, the trial court properly exercised its discretion to determine allocation between the parties. We will only overturn the determination of the trial court for an abuse of discretion. " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' [Citation.]" (*Walker* v. *Superior Court* (1991) 53 Cal.3d 257, 272 [279 Cal.Rptr. 576, 807 P.2d 418].)

The evidence clearly supports the court's finding that the costs should be allocated between Borinstein and appellant. Appellant was the agent for Borinstein and handled most, if not all, of the negotiations between Borinstein and respondent. The outcome of the trial turned on the facts relating to the negotiations and the nature of the agreement. Respondent was the prevailing party against Borinstein. The trial court heard the evidence and was in the best position to determine apportionment of the value of the work performed by counsel for appellant and Borinstein and allocate the costs accordingly. Under the circumstances, it would have been unjust to allow appellant to impose upon respondent all costs incurred which benefitted both appellant and Borinstein.

---

[2]This case dealt with Code of Civil Procedure section 1032, subdivision (b) prior to 1986, when the section read: "[C]osts are allowed of course: . . . To the defendant upon a judgment in his favor . . . [and] when there are several defendants in any action . . . not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor." (*Smith* v. *Circle P. Ranch Co., supra,* 87 Cal.App.3d at p. 271.)

The judgment is affirmed. Costs on appeal are awarded to respondent.

Woods (A. M.), P. J., and Klein (Brett), J.,* concurred.

Appellant's petition for review by the Supreme Court was denied August 25, 1994. Baxter, J., was of the opinion that the petition should be granted.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.