[No. B202457. Second Dist., Div. Eight. Sept. 11, 2008.]

JOANNE MARIE ANTHONY, Plaintiff and Respondent, v.
CITY OF LOS ANGELES, Defendant and Appellant.

1012

■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■

**COUNSEL**

Rockard J. Delgadillo, City Attorney, and Paul L. Winnemore, Deputy City Attorney, for Defendant and Appellant.

David Geffen Law Firm and David G. Geffen for Plaintiff and Respondent.

**OPINION**

**COOPER, P. J.—**

### SUMMARY

The City of Los Angeles appeals from an order awarding expert witness fees to an employee who prevailed on a retaliation claim under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.). The

city contends, as it did below, that the employee's motion was untimely filed, and that the trial court had no discretion to award expert witness fees for experts not ordered by the court. Both contentions are without merit.

## FACTUAL AND PROCEDURAL BACKGROUND

Joanne Marie Anthony prevailed in a lawsuit against her employer, the City of Los Angeles (City), on a retaliation claim under the FEHA. Notice of entry of the judgment was mailed by the clerk of the court on April 2, 2007. Anthony filed a memorandum of costs, on the form approved for optional use by the Judicial Council, within the 15-day period required under rule 3.1700(a)(1) of the California Rules of Court. Anthony's cost memorandum did not mention expert witness fees. Instead, Anthony filed a noticed motion, on April 27, 2007, seeking an award of expert witness fees under the authority of an FEHA provision permitting the court, in its discretion, to award expert witness fees to the prevailing party. (Gov. Code, § 12965, subd. (b).) The City opposed Anthony's motion, contending it was untimely and the trial court had no authority to shift the cost of expert witness fees to an opposing party where the court had not ordered the expert witnesses to testify. The trial court rejected both contentions and awarded Anthony $23,770.91 in experts' fees. The City filed a timely appeal.

## DISCUSSION

The City asserts the trial court erred both procedurally and on the merits when it awarded expert witness fees to Anthony. The City is mistaken on both counts.

### 1. *Anthony's motion was timely.*

██ The right to recover any of the costs of a civil action "is determined entirely by statute." (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439 [71 Cal.Rptr.2d 452, 950 P.2d 567] (*Davis*).) The applicable statutory provisions are as follows:

██ —Under Code of Civil Procedure section 1032, a prevailing party is entitled "as a matter of right" to recover costs in any action or proceeding. (Code Civ. Proc., § 1032, subd. (b).)[1]

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

■ —Section 1033.5 specifies the items that are "allowable as costs under Section 1032." (§ 1033.5, subd. (a).) Among the items allowable as costs are attorney fees (when authorized by contract, statute or law), and fees of expert witnesses ordered by the court. (*Id.,* subd. (a)(10), (8).) Section 1033.5 specifies that "[f]ees of experts not ordered by the court" are "not allowable as costs, except when expressly authorized by law . . . ." (§ 1033.5, subd. (b)(1).)

—Section 1034 provides that "[p]rejudgment costs allowable under this chapter shall be claimed and contested in accordance with rules adopted by the Judicial Council." (§ 1034, subd. (a).)

■ —Under rule 3.1700, a prevailing party who claims costs "must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk . . . ." (Cal. Rules of Court, rule 3.1700(a)(1).)

—Claims for statutory attorney fees and contractual attorney fees must be filed by motion, within the time for filing a notice of appeal. (Cal. Rules of Court, rule 3.1702(a), (b)(1).)

The City contends the trial court had no authority to reach the merits of Anthony's motion for expert witness fees. The argument is that expert witness fees are costs; California Rules of Court, rule 3.1700 requires a party claiming costs to file a cost memorandum within 15 days; the time limitations are mandatory; and Anthony's failure to comply with those mandatory time requirements "results in a waiver of any right to recover costs for expert witness fees." We disagree with the City's analysis.

■ First, while expert witness fees not ordered by the court are indeed "costs," they are not one of the items of allowable costs identified in section 1033.5, subdivision (a). Indeed, they are specifically identified as "not allowable as costs, except when expressly authorized by law." (§ 1033.5, subd. (b).) It appears to us that rule 3.1700 applies only to the items "allowable as costs" that are listed in subdivision (a) of section 1033.5—that is, those cost items to which a party is entitled "as a matter of right." (§ 1032, subd. (b).) In our view, this construction is the most sensible interpretation of rule 3.1700, which also requires the clerk of the court to "immediately enter the costs on the judgment" if the opposing party does not move to strike or

tax costs. (Cal. Rules of Court, rule 3.1700(b)(4) ["[a]fter the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment"].) By contrast, costs such as expert witness fees not ordered by the court, or attorney fees that require a court determination, may not be "immediately enter[ed]" by the clerk, and instead necessitate a decision by the trial court, exercising its discretion. In short, there would be no point in requiring a party to include in its memorandum of costs those cost items which are awarded in the discretion of the court and thus *cannot* be entered by the clerk of the court under rule 3.1700. The Judicial Council's "Memorandum of Costs (Worksheet)" further supports our conclusion: while the form specifically identifies expert fees "per Code of Civil Procedure section 998" and "[c]ourt-ordered expert fees," the form contains no section for expert witness fees that are awarded in the discretion of the trial court. ■ We therefore conclude, as did the trial court, that Anthony was not required to claim her expert witness fees within the 15-day time constraint imposed by rule 3.1700 for filing a memorandum of costs.[2]

■ Second, as the trial court observed, the California Rules of Court do not specify a date for filing a motion for expert witness fees, and the Legislature apparently "associates the recovery of expert witness fees by the prevailing party in a FEHA case with the recovery of attorney's fees." Thus Government Code section 12965, subdivision (b), specifies that, in FEHA actions, "the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees . . . ." We agree with the trial court that, in the absence of a specific rule applicable to the discretionary award of expert witness fees, a motion for the expert witness fees permitted under FEHA is timely if filed within the same time constraints as those applicable to a noticed motion for attorney fees.[3]

---

[2] We note as well that, even if the 15-day time limitation in rule 3.1700 were applicable, the trial court has the discretion, in the absence of an agreement between the parties, to "extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days." (Cal. Rules of Court, rule 3.1700(b)(3).) In this case, Anthony's motion was filed less than 30 days after notice of entry of judgment was mailed by the clerk. By ruling on the merits of Anthony's motion, the trial court, acting within its discretion, reasonably extended the 15-day time limit by an additional 10 days. (See also *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 426 [111 Cal.Rptr.2d 837] [time provisions relating to the filing of a memorandum of costs are mandatory, but not jurisdictional].)

[3] The trial court observed: "Plaintiff filed her motion for expert witness fees well within the 60-day period allowed for the attorney's fee motion. That the Judicial Council has not gotten around to specifying a procedure for expert fees, similar to that provided for attorney's fees, should not be a ground for disallowing the claim in this situation. California Rules of Court, rule 1.5(a) says the rules 'must be liberally construed to ensure the just and speedy determination of the proceedings that they govern.' "

## 2. The trial court did not err in awarding expert fees.

The City asserts that a trial court has no discretion to award expert witness fees as costs in an FEHA action unless the expert was ordered by the court. The assertion is baseless, as is apparent from both precedent and common sense.

In *Davis, supra,* 17 Cal.4th 436, the Supreme Court held that, in the absence of any law expressly authorizing the award of the fees of an expert not ordered by the court, those fees may not be recovered by the prevailing party in an FEHA action. (17 Cal.4th at p. 438.) After the 1998 *Davis* decision, the Legislature amended the FEHA, so that it now expressly authorizes the award of expert witness fees. (Gov. Code, § 12965, subd. (b) ["[i]n actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees . . . ."].) The words "including expert witness fees" were added by amendment in 1999. (Stats. 1999, ch. 591, § 12.) Accordingly, it is evident that the FEHA now expressly authorizes the award of expert fees.[4]

Inexplicably, the City, relying on *Davis,* asserts that the FEHA amendment must be "harmonized" with section 1033.5 (which provides that expert witness fees not ordered by the court are not allowable as costs unless expressly authorized by law). This harmony is achieved, the City contends, by construing the FEHA to permit the recovery of expert witness fees "only if the expert was ordered by the court and not otherwise." The City's argument defies both the analysis in *Davis,* which expressly addressed the issue of expert fees *not* ordered by the court, and common sense. Expert witness fees ordered by the court have long been allowable as costs under section 1033.5, subdivision (a)(8). Consequently, the FEHA amendment expressly authorizing the recovery of expert witness fees would be entirely pointless if it were construed to apply only to expert fees ordered by the court.[5] The FEHA plainly authorizes the award of expert witness fees made by the trial court in this case.

---

[4] See *Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1149, footnote 4 [74 Cal.Rptr.3d 81, 179 P.3d 882]: "Following our decision in *Davis,* the Legislature amended Government Code section 12965, subdivision (b) to specifically provide" for the discretionary award of expert witness fees, "thereby assenting to our holding in *Davis* that an award of expert witness fees must be expressly authorized by statute."

[5] At oral argument, counsel for the City acknowledged he could not identify any situation where a trial court has appointed an expert in an FEHA case.

## DISPOSITION

The order is affirmed. Joanne Marie Anthony is to recover her costs on appeal.

Rubin, J., and Flier, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2008, S167682.