Filed 5/24/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| LLOYD CHARTON, as Trustee, etc., et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>DIANE HARKEY,<br><br>    Defendant and Respondent. | G050514<br><br>(Super. Ct. No. 30-2008-00114401)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven L. Perk and Kim Garlin Dunning, Judges. Affirmed in part, reversed in part, and remanded.

Grant, Genovese & Baratta, David C. Grant, Chad J. Brandel; Straggas & Associates and George D. Straggas for Plaintiffs and Appellants.

Law Offices of Jeffrey S. Benice and Jeffrey S. Benice for Defendant and Respondent.

\*        \*        \*

Code of Civil Procedure section 1032 gives a "prevailing party" the right to recover its litigation costs.[1] It is undisputed defendant and respondent Diane L. Harkey meets section 1032's definition of a prevailing party. Plaintiffs and appellants (Plaintiffs),[2] however, contend the trial court erred in awarding Harkey her costs because she was united in interest and shared costs with other defendants who did not satisfy the statutory definition. In support, Plaintiffs rely on cases applying the so-called unity of interest exception, which provides a trial court with discretion to deny prevailing party status to a defendant who otherwise would be entitled to recover costs as a matter of right when that defendant is united in interest with, and asserted the same defenses in the same answer as, other defendants who did not prevail and are not entitled to recover their costs.

We conclude these cases are no longer controlling, and therefore affirm the trial court's determination Harkey was a prevailing party entitled to recover costs as a matter of right. Courts developed the unity of interest exception based on the language of former section 1032. In 1986, the Legislature repealed that version of the statute in its entirety and enacted the current version to substantially change how trial courts identify the parties entitled to recover costs as a matter of right. The current version includes none of the language on which the unity of interest exception was based, and provides trial courts with no discretion to deny prevailing party status to a party who meets the statutory definition of a prevailing party. We therefore conclude the Legislature intended to eliminate the unity of interest exception as a basis for denying a prevailing party the right to recover costs. Although most of the appellate cases on which Plaintiffs rely postdate the repeal and reenactment of section 1032, we do not find these cases persuasive because none of them explain how the unity of interest exception survived the Legislature's actions.

---

[1]     All statutory references are to the Code of Civil Procedure.

[2]     Plaintiffs are 84 investors who claim they were defrauded by defendants.

2

In 1986, the Legislature also enacted section 1033.5 to identify the specific cost items a prevailing party may recover, and to limit the recoverable costs to those that are incurred by the prevailing party, reasonably necessary to that party's conduct of the litigation, and reasonable in amount. When less than all of a group of jointly represented parties prevail, these limitations require the trial court to apportion the costs among the jointly represented parties based on the reason for incurring each cost and whether the cost was reasonably necessary to the conduct of the litigation on behalf of the prevailing parties. The court may not make an across-the-board reduction based on the number of jointly represented parties because doing so fails to consider the reason for incurring the costs and whether they were reasonably necessary for the prevailing party.

Here, the trial court made an improper across-the-board reduction, awarding Harkey 25 percent of the defense costs because she was one of four jointly represented defendants. We therefore reverse and remand for the trial court to determine the proper cost allocation among the jointly represented defendants.

I

FACTS AND PROCEDURAL HISTORY

Defendant National Financial Lending, LLC (National Financial) was a limited liability company in the mortgage lending business. Defendant Point Center Financial, Inc. (Point Center) was National Financial's sole manager and Harkey's husband, Dan Harkey, was Point Center's principal shareholder, president, chief executive officer, and director. Plaintiffs invested in National Financial by purchasing membership interests in a public offering.

In November 2008, Plaintiffs filed this action to recover damages they suffered based on their investments. Plaintiffs named National Financial, Point Center, Harkey, and her husband as defendants. The claims Plaintiffs alleged include breach of fiduciary duty, breach of operating agreement, breach of promissory note, negligent

3

misrepresentation, intentional misrepresentation, rescission, failure to produce records, unfair business practices, securities law violations, elder abuse, and declaratory relief. As against Harkey, Plaintiffs only alleged claims for aiding and abetting, fraudulent conveyance, and declaratory relief.

The trial court conducted a jury trial on Plaintiffs' claims seeking monetary damages and a bench trial on their fraudulent conveyance and declaratory relief claims. During trial, Plaintiffs dismissed their aiding and abetting claim against Harkey. The jury returned a special verdict against Harkey's husband and Point Center, awarding Plaintiffs more than $12.5 million in compensatory and punitive damages on the breach of fiduciary duty and elder abuse claims.[3] In the bench trial, the court found Harkey's husband was the alter ego of Point Center, and Point Center was the alter ego of National Financial. The court also ruled in Harkey's and her husband's favor on the fraudulent conveyance and declaratory relief claims. Based on the jury's verdict and these rulings, the court entered judgment in Plaintiffs' favor and against Harkey's husband and Point Center for more than $12.5 million, but the court entered judgment in Harkey's favor and against Plaintiffs on all claims they alleged against her.

Harkey then joined with her husband and Point Center to file a memorandum of costs seeking nearly $329,000 from Plaintiffs.[4] Plaintiffs moved to tax these costs, arguing Harkey's husband and Point Center were not prevailing parties entitled to recover costs because Plaintiffs prevailed on their claims against these defendants and obtained a net monetary recovery. As to Harkey, Plaintiffs argued the

---

[3]    The case did not proceed to trial on Plaintiffs' claims against National Financial, and the parties do not explain how those claims were resolved.

[4]    The memorandum of costs sought $5,909.80 in filing and motion fees; $18,155.93 in jury fees; $133,534.39 in deposition costs; $7,235.40 for service of process; $95,987.38 in witness fees; $13,473.63 for models, blowups, and photocopies of exhibits; $8,004.75 for court reporter fees; and $46,007.21 in other costs for a total of $328,908.49. The memorandum also reserved the right to seek attorney fees.

4

court had discretion to deny her costs even though she prevailed on Plaintiffs' claims against her because Harkey was represented by the same lawyer who represented her husband and Point Center, she filed a joint answer with those nonprevailing defendants, and she otherwise joined with them in incurring the costs they specified in the cost memorandum. According to Plaintiffs, awarding costs to Harkey would allow her husband and Point Center to shift the costs they incurred to Plaintiffs even though Plaintiffs prevailed against Harkey's husband and Point Center. Plaintiffs also argued various cost items Harkey and the other defendants sought were not recoverable costs.

The trial court granted the motion in part, taxing 75 percent of the recoverable costs and awarding the remaining 25 percent to Harkey only. The court concluded Harkey's husband and Point Center were not entitled to recover their costs because they were not prevailing parties, but Harkey was a prevailing party entitled to recover her costs because Plaintiffs dismissed their aiding and abetting claim against her and she prevailed at trial on the other claims they alleged against her. The court also rejected Plaintiffs' contention the court should deny Harkey her costs even though she met section 1032's definition of a prevailing party because Harkey shared a unity of interest with the nonprevailing defendants. According to the court, "[Harkey's] interest in the case was not the same as [her husband], Point Center or [National Financial]. [She] was not an officer, director or shareholder of the business entities. She did not make representations to [Plaintiffs]. She did not participate in any loan servicing activity. She did not solicit investments from any of [Plaintiffs]. She did not have a unity of interest that was specifically the same as that of the other named defendants. Therefore the court awards [Harkey] her costs in proportion to her participation in the litigation with . . . [her husband], Point Center Financial and [National Financial], which amounts to 25 [percent]."

The court also set an evidentiary hearing on which specific cost items identified in the cost memorandum were recoverable under the governing statutes, and

5

invited the parties to meet and confer to identify which items they agreed were recoverable and which were not.  Before that hearing, the parties submitted a stipulation stating the total amount of recoverable costs was $150,504.99, and Plaintiffs reserved the right to dispute Harkey's entitlement to any costs.  Based on the parties' stipulation, the court awarded Harkey $37,626.25, representing 25 percent of the total recoverable costs.  This appeal followed.

II

DISCUSSION

A.    *Basic Legal Principles Regarding Recovery of Costs*

"The right to recover any of the costs of a civil action 'is determined entirely by statute.'"  (*Anthony v. City of Los Angeles* (2008) 166 Cal.App.4th 1011, 1014 (*Anthony*).)  "'[I]n the absence of an authorizing statute, no costs can be recovered by either party.'"  (*Davis v. KGO-TV, Inc.* (1998) 17 Cal.4th 436, 439, disapproved and superseded by statute on other grounds as stated in *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 105-107 & fn. 1.)  "Section 1032 governs the award of costs of trial court litigation."  (*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1375 (*Acosta*).)

Under section 1032, subdivision (b), a "prevailing party" is entitled to recover costs "as a matter of right" unless otherwise provided by statute.  Section 1032, subdivision (a)(4), defines who is a prevailing party entitled to costs.  The first sentence of that subdivision "describes four categories of litigants who automatically qualify as prevailing parties.  It reads:  '"Prevailing party" includes [1] the party with a net monetary recovery, [2] a defendant in whose favor a dismissal is entered, [3] a defendant where neither plaintiff nor defendant obtains any relief, and [4] a defendant as against

6

those plaintiffs who do not recover any relief against that defendant.'"[5] (*Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 975 (*Wakefield*), disapproved on other grounds in *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1338 (*Goodman*).)

"[T]he trial court has no discretion to deny prevailing party status to a litigant who falls within one of the four statutory categories in the first [sentence] of the provision. 'As rewritten [in 1986], section 1032 now declares that costs are available as "a matter of right" when the prevailing party is within one of the four categories designated by statute.'" (*Wakefield*, *supra*, 145 Cal.App.4th at p. 975; see *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 129 (*Nelson*).)

---

[5] In its entirety, section 1032 provides as follows: "(a) As used in this section, unless the context clearly requires otherwise:

"(1) 'Complaint' includes a cross-complaint.

"(2) 'Defendant' includes a cross-defendant or a person against whom a complaint is filed.

"(3) 'Plaintiff' includes a cross-complainant or a party who files a complaint in intervention.

"(4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

"(b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.

"(c) Nothing in this section shall prohibit parties from stipulating to alternative procedures for awarding costs in the litigation pursuant to rules adopted under Section 1034."

7

"'Where the prevailing party is one not specified [in these four categories, the second sentence of] section 1032, subdivision (a)(4) permits the trial court to determine the prevailing party and then allow costs or not, or to apportion costs, in its discretion. The statute requires the trial court to determine which party is prevailing and then exercise its discretion in awarding costs.' . . . [¶] This prong of the statute thus calls for the trial court to exercise its discretion both in determining the prevailing party and in allowing, denying, or apportioning costs. It operates as an express statutory exception to the general rule that a prevailing party is entitled to costs as a matter of right." (*Wakefield*, *supra*, 145 Cal.App.4th at p. 977.)

Section 1033.5, subdivision (a), identifies the specific cost items a prevailing party may recover as a matter of right, such as filing, motion, and jury fees; costs of necessary depositions; service of process costs; and court reporter fees. Section 1033.5, subdivision (b), identifies specific cost items that a prevailing party may *not* recover, including the fees of experts not ordered by the court; investigation expenses; and postage, telephone, and certain copying charges. Section 1033.5, subdivision (c)(4), grants the trial court discretion to award a cost item that is neither allowed under subdivision (a) nor prohibited under subdivision (b).

All costs awarded to a prevailing party must be (1) incurred by that party, whether or not paid; (2) "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation"; and (3) reasonable in amount. (§ 1033.5, subd. (c)(1)-(3); see *El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 616 (*El Dorado Meat*).)

Whether a party falls within one of the four categories authorizing the recovery of costs as a matter of right is a question of law we review de novo. (*Wakefield*, *supra*, 145 Cal.App.4th at p. 978; *Acosta*, *supra*, 129 Cal.App.4th at p. 1374.) We otherwise review a trial court's cost award for abuse of discretion. (*Wakefield*, at p. 978; *El Dorado Meat*, *supra*, 150 Cal.App.4th at p. 617.) For example, we review a trial

8

court's determination on which costs are reasonably necessary and reasonable in amount under the abuse of discretion standard. (*Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1556-1557.)

B.  *A Prevailing Party Is Entitled to Recover Costs as a Matter of Right Even If that Party Joined With Nonprevailing Defendants in Resisting the Plaintiffs' Claims*

Plaintiffs do not dispute Harkey satisfied the statutory definition of a prevailing party entitled to recover costs as a matter of right because she was a defendant in whose favor a dismissal was entered and a defendant against whom Plaintiffs did not recover any relief. (§ 1032, subd. (a)(4).) Plaintiffs nonetheless contend the trial court abused its discretion in awarding Harkey costs because the unity of interest exception allowed the court to deny Harkey the prevailing party status to which she otherwise was entitled. According to Plaintiffs, the trial court applied the wrong factors to determine Harkey did not share a unity of interest with the nonprevailing defendants. We affirm the trial court's decision Harkey was a prevailing party entitled to recover costs as a matter of right without deciding whether she shared a unity of interest with the nonprevailing defendants.

The unity of interest exception arose from the prior version of section 1032. (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 441 (*Zintel*); *Wakefield*, *supra*, 145 Cal.App.4th at p. 984.) Subdivision (b) of that statute provided costs were "allowed of course" to a defendant "upon a judgment in his [or her] favor" in certain types of actions, including actions to recover money or damages, actions to recover real or personal property, and special proceedings. (Stats 1957, ch. 1172, § 1, p. 2464.) That subdivision also stated, "When there are *several defendants . . . not united in interest, and making separate defenses by separate answers*, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor." (*Ibid.*, italics added.) Former section 1032, subdivision (c), granted the trial court

9

discretion to allow or deny costs "[i]n other actions than those mentioned in this section."[6] (Stats 1957, ch. 1172, § 1, pp. 2464-2465.)

Former section 1032, subdivision (b), expressly required a trial court to award costs to a prevailing defendant who did not unite in interest with other defendants and made separate defenses by a separate answer, but the statute did not expressly address a cost award for a prevailing defendant asserting the same defenses in the same answer as other defendants. The decision whether to award costs to a prevailing defendant united in interest with other defendants therefore was vested in the trial court's discretion. (*Zintel*, *supra*, 209 Cal.App.4th at p. 441; *Smith v. Circle P Ranch Co.* (1978)

---

[6]     In its entirety, former section 1032 provided as follows: "In the superior court, except as otherwise expressly provided, costs are allowed of course:

"(a) To plaintiff upon a judgment in his favor: in an action for the recovery of real property; in an action to recover the possession of personal property; in an action for the recovery of money or damages; in a special proceeding; in an action which involves the title or possession of real estate or the legality of a tax, impost, assessment, toll, or municipal fine.

"(b) To the defendant upon a judgment in his favor in special proceedings and in the actions mentioned in subdivision (a) of this section, or as to whom the action is dismissed. When there are several defendants in any action mentioned in subdivision (a) of this section, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor.

"(c) In other actions than those mentioned in this section costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court.

"(d) In all actions, whether mentioned in this section or not, if the prevailing party recovers a judgment that could have been rendered in a court inferior in jurisdiction in the county or city and count, such prevailing party shall not recover costs unless the judgment, who presided at the trial, or, in the event of his inability for any reason to act, some other judge of the court, in his discretion, makes an order, allowing costs or such party thereof as he deems proper." (Stats 1957, ch. 1172, § 1, pp. 2464-2465.)

87 Cal.App.3d 267, 272 ["In those instances in which several defendants are united in interest and/or join in making the same defenses in the same answer, the allowance or disallowance of an award to prevailing defendants lies within the sound discretion of the trial court"].)

In 1986, the Legislature repealed section 1032 in its entirety and replaced it with the current version of the statute as part of a major overhaul of the statutes governing recovery of costs. (*Goodman*, *supra*, 47 Cal.4th at p. 1335.) As explained above, the current version of section 1032 provides for recovery of costs as a matter of right if the party fits one of the four prevailing party definitions listed in section 1032, subdivision (a)(4). The current statute no longer focuses on the nature of the lawsuit to distinguish between parties who are entitled to costs as a matter of right and those who may recover costs in the court's discretion. Instead, section 1032 now focuses on the nature of the prevailing party's victory—the party with a net recovery, a defendant in whose favor a dismissal is entered, a defendant when neither party obtains any relief, and a defendant against those plaintiffs who did not recover any relief against that defendant. If a party satisfies one of these four definitions of a prevailing party, the trial court lacks discretion to deny prevailing party status to that party. (*Wakefield*, *supra*, 145 Cal.App.4th at p. 975; *Nelson*, *supra*, 72 Cal.App.4th at p. 129.) Most significantly, the current version of section 1032 eliminated the language regarding several defendants who are not united in interest and asserted separate defenses by separate answers.

"As a general rule, in construing statutes, '[w]e presume the Legislature intends to change the meaning of a law when it alters the statutory language [citation], as for example when it deletes express provisions of the prior version [citation].'" (*People v. Mendoza* (2000) 23 Cal.4th 896, 916; see *DeCastro West Chodorow & Burns, Inc. v. Superior Court* (1996) 47 Cal.App.4th 410, 418 ["a substantial change in the language of a statute by an amendment indicates an intention to change its meaning"].) The "Legislature's repeal of [a] prior statute 'together with its enactment of a new statute on

11

the same subject . . . with significant differences in language, strongly suggests the Legislature intended to change the law.'" (*Goodman*, *supra*, 47 Cal.4th at p. 1337.) In construing a statute, we are "not authorized to create an exception not contained in the statutory language." (*University of Southern California v. Superior Court* (1996) 45 Cal.App.4th 1283, 1290; see *Conde v. City of San Diego* (2005) 134 Cal.App.4th 346, 351; *Crib Retaining Walls, Inc. v. NBS/Lowry, Inc.* (1996) 47 Cal.App.4th 886, 890 ["'one should not read into the statute allowing costs a restriction which has not been placed there'"].)

As explained above, the 1986 repeal and reenactment of section 1032 substantially changed the statutory framework for determining which parties are entitled to recover costs as a matter of right. The new statute provides no exception to a party's right to recover costs when the party satisfies any of the four statutory definitions of a prevailing party. In doing so, the new statute eliminated any basis to apply the unity of interest exception found in the repealed version. Consequently, we conclude the Legislature intended to eliminate the unity of interest exception as a basis for denying costs to a prevailing defendant who otherwise is entitled to recover costs as a matter of right. (See *Zintel*, *supra*, 209 Cal.App.4th at p. 442 [explaining in dicta, "Whether the Legislature intended the continued use of [the unity of interest exception] seems doubtful . . . since it created four categories of litigants that automatically qualify as prevailing parties [citation], provided an award of costs must be made to those litigants '[e]xcept as otherwise expressly provided by statute' [citation], and eliminated the language in the prior version of section 1032 upon which the unity of interest [exception] was based"].)

Although the right to recover costs is entirely statutory (*Anthony*, *supra*, 166 Cal.App.4th at p. 1014), Plaintiffs identify no statutory basis for the continued viability of the unity of interest exception after the 1986 repeal and reenactment of section 1032. Instead, Plaintiffs rely on a small handful of cases that have applied the exception despite the Legislature's action. (See *Benson v. Kwikset Corp.* (2007)

152 Cal.App.4th 1254, 1278 (*Benson*); *Wakefield*, *supra*, 145 Cal.App.4th at pp. 984-985; *Textron Financial Corp. v. National Union Fire Ins. Co.* (2004) 118 Cal.App.4th 1061, 1075-1076 (*Textron*), disapproved on other grounds in *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 382; *Webber v. Inland Empire Investments, Inc.* (1999) 74 Cal.App.4th 884, 920 (*Webber*); *Slavin v. Fink* (1994) 25 Cal.App.4th 722, 725-726 (*Slavin*).) We decline to follow these cases because they fail to explain how the unity of interest exception remained viable after the Legislature's reenactment of section 1032 omitted the language from the former statute that supported the exception.

Three of the cases Plaintiffs rely on applied the unity of interest exception without even acknowledging the repeal of the statutory basis for the exception. (*Benson*, *supra*, 152 Cal.App.4th at p. 1278; *Textron*, *supra*, 118 Cal.App.4th at p. 1075; *Webber*, *supra*, 74 Cal.App.4th at p. 920.) The fourth case acknowledged "the statutory language has changed," but concluded "the underlying precept . . . continues to apply" without providing any analysis or explanation to support that conclusion. (*Wakefield*, *supra*, 145 Cal.App.4th at p. 985.) The final case similarly acknowledged the statutory language had changed, but nonetheless applied the unity of interest exception to deny a prevailing defendant costs without explaining how the exception survived the 1986 repeal and reenactment of section 1032. (*Slavin*, *supra*, 25 Cal.App.4th at p. 726 & fn. 2.)

We also note *Slavin* is internally inconsistent and misapplies section 1032. In one paragraph the court stated "[t]here is no doubt but that appellant has a *right* to recover costs incurred for his benefit because he was the prevailing party," but in the next paragraph the court denied the recovery. (*Slavin*, *supra*, 25 Cal.App.4th at pp. 725-726, italics added.) *Slavin* summarily concluded "the circumstances of this case do not fall within the specific situations specified in . . . section 1032, subdivision (a)(4)," because the underlying action was consolidated with another action and "appellant and [a nonprevailing defendant] were united in interest and shared the same counsel." (*Slavin*, at p. 726.) *Slavin* provided no explanation how the appellant can be both a prevailing

13

party entitled to recover costs as a matter of right, but not fall within any of the four definitions of a prevailing party entitled to recover costs as a matter of right. The fourth category of section 1032, subdivision (a)(4), states a prevailing party includes "a defendant as against those plaintiffs who do not recover any relief against that defendant." The appellant in *Slavin* was a defendant against whom the plaintiff did not recover any relief and nothing in section 1032's plain language removed the *Slavin* appellant from that category merely because the underlying actions were consolidated and the appellant shared counsel and was united in interest with another defendant who did not prevail.

We therefore conclude the trial court did not error in refusing to apply the unity of interest exception and properly determined Harkey was a prevailing party entitled to recover costs as a matter of right. We next consider whether any interest Harkey shared with the nonprevailing defendants allowed the trial court to deny Harkey specific cost items.

C.     *The Trial Court Erred by Allocating Costs Based Solely on the Number of Jointly Represented Parties*

Plaintiffs also contend the unity of interest Harkey shared with the nonprevailing defendants allowed the trial court to deny some or all of the costs she sought because the costs were not incurred by Harkey for her own benefit and were not reasonably necessary to the conduct of her defense. We agree in part and remand for the trial court to determine which specific costs Harkey incurred that were reasonably necessary to her defense.

As explained above, all costs awarded to a prevailing party must be incurred by that party, must be "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation," and must be reasonable in amount. (§ 1033.5, subd. (c)(1)-(3).) These limitations apply whether the costs are awarded as a matter of right or in the court's discretion. (*Perko's Enterprises, Inc. v.*

14

*RRNS Enterprises* (1992) 4 Cal.App.4th 238, 244-245 (*Perko's*).) The Legislature added section 1033.5's limitations on recoverable costs to the Code of Civil Procedure at the same time the Legislature repealed and reenacted section 1032. (*Perko's*, at p. 244.)

"'When a prevailing party has incurred costs jointly with one or more other parties who are not prevailing parties for purposes of an award of costs, the judge must apportion the costs between the parties [based on the reason the costs were incurred and whether they were reasonably necessary to the conduct of the litigation by the jointly represented party who prevailed]." (*Wakefield*, *supra*, 145 Cal.App.4th at p. 986; see *Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 315 (*Ducoing*); *Fennessy v. Deleuw-Cather Corp.* (1990) 218 Cal.App.3d 1192, 1196-1197 (*Fennessy*).)

For example, in *Fennessy*, six jointly represented defendants moved for summary judgment, but only one prevailed and obtained a judgment in his favor. That defendant then sought to recover all costs incurred by the jointly represented defendants, including the nonprevailing defendants. The trial court denied the plaintiff's motion to tax costs. (*Fennessy*, *supra*, 218 Cal.App.3d at p. 1194.) The Court of Appeal reversed, explaining the prevailing defendant may recover only those costs actually incurred by that defendant or on his behalf in defending the case. All other costs could not be recovered at that point because it could not be shown those costs were incurred by and were reasonably necessary to the prevailing party's conduct of the litigation. The court noted it could not determine which additional costs could be recovered until the entire action was resolved as to the other jointly represented defendants. (*Id*. at pp. 1196-1197.)

*Fennessy* is factually distinguishable because the action remained pending against a majority of the jointly represented defendants, but here the case has concluded. This distinction, however, affects only how the court applies the underlying principle to particular cost items; it does not change the underlying principle. A prevailing party who is represented by the same counsel as a nonprevailing party may only recover those costs

15

the prevailing party incurred and were reasonably necessary to the prevailing party's conduct of the litigation, not the other jointly represented parties' conduct of the litigation. (*Ducoing*, *supra*, 234 Cal.App.4th at p. 315; *Fennessy*, *supra*, 218 Cal.App.3d at pp. 1196-1197; *Wakefield*, *supra*, 145 Cal.App.4th at p. 986.) Whether to award costs that were incurred by both the prevailing party and the nonprevailing party, and were reasonably necessary to the conduct of the litigation for both the prevailing and nonprevailing party, is left to the trial court's sound discretion based on the totality of the circumstances. (*Wakefield*, at p. 986; *Slavin*, *supra*, 25 Cal.App.4th at p. 726 [trial court did not abuse discretion by allocating nearly all costs incurred by jointly represented defendants to nonprevailing defendant because that defendant's conduct was basis for claims against jointly represented defendants].)

In allocating costs between jointly represented parties, however, the trial court may not make an across-the-board reduction based on the number of jointly represented parties because such an allocation fails to consider the necessity or reasonableness of the costs as required by section 1033.5, subdivision (c). (*Nelson*, *supra*, 72 Cal.App.4th at p. 130.) Instead, when allocating costs between jointly represented parties, the court must examine the reason each cost was incurred, whether the cost was reasonably necessary to the conduct of the litigation on behalf of the prevailing party, and the reasonableness of the cost. (*Ibid*. [court must "distinguish between costs incurred as a result of the actions or tactics of [the prevailing jointly represented party] as opposed to [the nonprevailing jointly represented party]"].)

Here, the trial court made an across-the-board allocation based on the number of jointly represented defendants, awarding Harkey 25 percent of all costs defendants incurred because she was one of four jointly represented defendants. The court erred because it failed to apply the proper legal standards in making the allocation. (*Perko's*, *supra*, 4 Cal.App.4th at p. 245 ["When a trial court is mistaken about the scope of its discretion, even if the mistake is reasonable, an action taken in accord with that

16

mistaken view is error"].)  We therefore reverse and remand for the trial court to allocate costs based on the foregoing principles.

## III

### DISPOSITION

The order is affirmed as to the trial court's determination Harkey is a prevailing party entitled to recover costs as a matter of right.  The order is reversed as to the trial court's across-the-board reduction in the amount of costs based on the number of jointly represented defendants.  The matter is remanded to the trial court to allocate costs among the jointly represented defendants based on the principles discussed in this opinion.  In the interest of justice, the parties shall bear their own costs on appeal.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.

17