NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYSCOM (USA), INC., a New York corporation, | No. 20-55560 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-07137-AB-JPR |
| v. | MEMORANDUM[*] |
| NAKAJIMA USA, INC., a California corporation; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted February 7, 2022[**]
Pasadena, California

Before: LIPEZ,[***] TALLMAN, and LEE, Circuit Judges.

Syscom (USA), Inc. ("Syscom") appeals the district court's order awarding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

attorneys' fees to Shinji Nakajima ("Mr. Nakajima") and Nakajima Co., Ltd. ("Nakajima Japan") for successfully opposing Syscom's attempt to hold them liable for an arbitration award. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a fee award for clear error with respect to factual findings, de novo with respect to legal premises, and for an abuse of discretion with respect to the ultimate award determination. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147-48 (9th Cir. 2001) (per curiam).

In the district court proceedings, Syscom sought (1) to confirm an arbitration award for breach of a master service agreement ("MSA") against the corporate defendants, Nakajima USA, Inc. ("NUSA") and two of its affiliates, (2) to hold Mr. Nakajima jointly liable as an alter ego of NUSA, and (3) to add Nakajima Japan as a judgment debtor. The district court confirmed the arbitration award against NUSA and its affiliates, but it denied Syscom's claims against Mr. Nakajima and Nakajima Japan. As the prevailing parties, Mr. Nakajima and Nakajima Japan moved for a fee award against Syscom under Cal. Civ. Code § 1717, invoking a fee provision in the MSA.[1] Syscom urged the district court to deny these motions based on the "unity of

---

[1] Section 1717(a) provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether

2

interest" doctrine, under which courts have the discretion to disallow a fee award to a prevailing defendant who is united in interest with a non-prevailing defendant. *See Smith v. Circle P Ranch Co.*, 87 Cal. App. 3d 267, 272 (1978). In the fee order, the district court expressed doubt about the continuing viability of the "unity of interest" doctrine in light of the omission of the language establishing the doctrine from a 1986 revision of Cal. Code Civ. Proc. § 1032. *See Charton v. Harkey*, 247 Cal. App. 4th 730, 742 (2016). In the alternative, the district court also concluded that Syscom did not establish that the unity of interest doctrine should apply to Mr. Nakajima and Nakajima Japan.

Syscom raises a single issue on appeal: whether the district court erred in ruling that the "unity of interest" doctrine did not remain viable after California's 1986 revision of section 1032. We need not reach this issue, however, because the district court also based its conclusion on an independent alternative ground, namely, Syscom's failure to establish that the doctrine applies. Syscom waived any objection to that alternative ground by not challenging it in its opening brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); *MacKay v. Pfeil*, 827 F.2d 540, 542 n.2 (9th Cir. 1987). We thus cannot review or disturb the district court's order.

**AFFIRMED.**

---

he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a).