[No. H030999. Sixth Dist. Oct. 22, 2008.]

THOMAS MANGANO, Plaintiff and Appellant, v.
VERITY, INC., et al., Defendants and Respondents.

[No. H031234. Sixth Dist. Oct. 22, 2008.]

THOMAS MANGANO, Plaintiff and Appellant, v.
VERITY, INC., et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I.A.–D., II.A.–C. and III.C.

COUNSEL

Stephen R. Jaffe and Daniel U. Smith for Plaintiff and Appellant.

Cooley Godward Kronish, Steven L. Friedlander, Lori R. E. Ploeger and Joshua O. Mates for Defendants and Respondents and for Defendants and Appellants.

OPINION

**MIHARA, Acting P. J.**—Plaintiff and appellant Thomas Mangano appeals from a judgment entered after the trial court granted summary judgment in favor of his employer, defendant and appellant Verity, Inc. (Verity), and his former supervisor, defendant and appellant Steven R. Springsteel. Mangano claimed discrimination and verbal harassment based on a perceived disability in violation of the California Fair Employment and Housing Act (FEHA), Government Code section 12900 et seq. We concur with the trial court's conclusion that defendants are entitled to summary judgment on the FEHA claim and affirm the judgment.

In a separate appeal, both parties challenge the trial court's postjudgment order granting defendants' motion for expert witness fees and denying defendants' motion for attorney's fees, filed February 13, 2007. Mangano appeals from the award of expert witness fees, and Verity and Springsteel cross-appeal the denial of their request for attorney's fees. We find no error and affirm the order.

## I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III.  Expert Witness Fees and Attorney's Fees

#### A.  Postjudgment Order

After the entry of judgment, on November 17, 2006, defendants moved for an award of attorney's fees and expert witness fees. On May 1, 2006, approximately five weeks prior to filing their summary judgment motion, defendants offered to pay Mangano $2,500 in exchange for dismissal of the lawsuit with prejudice. Under the terms of the settlement offer, each party would bear its own costs and attorney's fees. Mangano did not accept the offer of settlement. Because the judgment ultimately awarded Mangano less than $2,500, defendants sought an award of their expert witness fees and their postoffer attorney's fees pursuant to Code of Civil Procedure section 998.[5]

On February 9, 2007, the trial court granted the motion for expert witness fees and, pursuant to the stipulation of counsel at the hearing on the motion, fixed the amount of fees at $20,000. At the same time, the court denied defendants' motion for attorney's fees. Both parties timely appealed. This

---

*See footnote, *ante*, page 944.

[5] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

court previously determined that the appeals from the postjudgment order would be considered with Mangano's appeal from the judgment.

## B. Section 998

"Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (§ 1032, subd. (b).) Although expert witness fees are not ordinarily recoverable as costs (§ 1033.5, subd. (b)), section 998 covers costs and fees in those cases in which there has been a settlement offer by a defendant. The statute provides, in relevant part: "(c)(1) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial . . . or during trial . . . of the case by the defendant." (§ 998.) The purpose of section 998 is to "encourage settlement by providing a strong financial disincentive to a party—whether it be a plaintiff or a defendant—who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer." (*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 804 [12 Cal.Rptr.2d 696, 838 P.2d 218].)

## C. Expert Witness Fees[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## D. Attorney's Fees

Defendants contest the trial court's denial of attorney's fees as part of their award of costs pursuant to section 998. We again find no error and affirm the trial court's order.

█ In addition to expert fees, the costs awarded to a prevailing party pursuant to section 998 may include attorney's fees "when authorized by" statute. (§ 1033.5, subd. (a)(10)(B); see also §§ 998, 1032.) In regard to attorney's fees, FEHA provides, in relevant part: "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs . . . ." (Gov. Code, § 12965, subd. (b).) █ Despite its discretionary language, however, the statute applies only if

---

[*]See footnote, *ante*, page 944.

the plaintiff's lawsuit is deemed unreasonable, frivolous, meritless, or vexatious. (*Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383, 1387–1388 [15 Cal.Rptr.2d 53] (*Cummings*).) The United States Supreme Court set forth this standard in *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412 [54 L.Ed.2d 648, 98 S.Ct. 694] (*Christiansburg*), a federal discrimination action.[7] The court affirmed that although a prevailing plaintiff in a discrimination case is entitled to attorney's fees " 'unless special circumstances would render such an award unjust,' " a prevailing defendant cannot obtain attorney's fees unless the court finds the claim "frivolous, unreasonable, or groundless." (*Christiansburg*, at pp. 416–417, 422.) The court explained that "while Congress wanted to clear the way for suits to be brought under the Act" by making it easier for plaintiffs with limited means to bring a meritorious suit, Congress "also wanted to protect defendants from burdensome litigation having no legal or factual basis." (*Christiansburg*, at p. 420.) Thus, " 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case . . . ." (*Christiansburg*, at p. 421.)

The trial court's written order in this case denies the motion for attorney's fees summarily, but the court's comments at oral argument suggest that it believed the *Christiansburg* standard must be applied in a FEHA action regardless of the application of section 998.[8] Defendants argue that the court erred in applying the limitations set forth in *Christiansburg* to determine their eligibility for attorney's fees. Defendants contend that because they are the prevailing parties pursuant to section 998, and FEHA authorizes the award of attorney's fees to the prevailing party, they are entitled to attorney's fees as part of their section 998 costs despite the restrictions generally imposed in awarding a prevailing defendant fees in a FEHA action. This argument is unpersuasive.

Our high court's decision in *Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103 [86 Cal.Rptr.2d 614, 979 P.2d 974] (*Scott*) provides the blueprint for our analysis in this case. The plaintiff in *Scott* rejected the defendant's $900,000 section 998 settlement offer prior to trial. (*Scott*, at p. 1107.) At trial, the

---

[7] " 'The language, purpose and intent of California and federal antidiscrimination acts are virtually identical. Thus, in interpreting FEHA, California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under title VII of the federal Civil Rights Act . . . ,' " including the principles governing the award of attorney's fees. (*Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859, 865 [110 Cal.Rptr.2d 903], quoting *Cummings, supra*, 11 Cal.App.4th at pp. 1386–1387.)

[8] In considering whether the *Christiansburg* standard was met, the court observed at the hearing that "it's a really close" case. On appeal, defendants contend only that the court should not have used the *Christiansburg* standard. Defendants do not challenge the trial court's implicit finding that the case does not meet that standard.

plaintiff was awarded approximately $442,000 in damages. (*Ibid.*) Both sides sought attorney's fees based on a provision in their contract and on the application of Civil Code section 1717 which governs the mutuality of attorney's fees provisions in contracts. (See *Scott*, at pp. 1107–1108.) Because the plaintiff's recovery failed to exceed the amount of the settlement offer, the defendant relied on the application of section 998 to argue that it was a prevailing party for purposes of its postoffer attorney's fees. (*Scott*, at p. 1107.) The trial court awarded the plaintiff its preoffer costs and attorney's fees as the prevailing party under the contract, and awarded the defendant its postoffer fees under section 998. (*Scott*, at pp. 1107–1108.)

■ The *Scott* court affirmed the award of the plaintiff's attorney's fees, finding that section 998 did not limit the preoffer fees.[9] (*Scott, supra,* 20 Cal.4th at p. 1112.) The court further held that section 998 required the trial court to treat the defendant as the prevailing party for purposes of its postoffer costs. (*Scott*, at p. 1114.) In so concluding, the court stressed that the "very essence of section 998" is its encouragement of the acceptance of reasonable settlement offers through the treatment of those losing parties whose settlement offers exceeded the final judgment *as prevailing parties.* (*Scott*, at p. 1114.) Thus, pursuant to section 998, "the defendant may recover all those postoffer costs to which it would have been entitled had it been a prevailing party, including attorney fees." (*Scott*, at p. 1115.) Because the contract between the parties (combined with the application of Civ. Code, § 1717) awarded attorney's fees to the prevailing party in the contract action, the defendant was entitled to his postoffer fees. (See *Scott*, at pp. 1114–1116.) The *Scott* court did not end its discussion there, however. The court acknowledged the asymmetry that may result even under section 998's apparently evenhanded treatment of preoffer and postoffer costs. (See *Scott, supra,* 20 Cal.4th at p. 1115 & fn. 3.) Because the discussion in this footnote bears directly on the issue before this court, we quote it in full: "Ordinarily, the categories of postoffer costs to which a defendant is entitled under section 998 will be the same as the categories of preoffer costs to which the [prevailing] plaintiff is entitled. This will not always be true, however, because the Legislature has in certain limited instances made a policy decision to treat prevailing plaintiffs and prevailing defendants differently for purposes of attorney fees and other costs. *Section 998 takes these differences as it finds them, applying them for purposes of postoffer costs as if the defendant were the prevailing party but neither expanding nor contracting the categories of costs to which a prevailing defendant in the circumstances would be entitled.* Thus, if the case is governed by a statute under which a prevailing plaintiff but not a prevailing defendant is entitled to attorney fees, then a defendant who does not prevail but is nonetheless entitled to its postoffer costs under

_____

[9] The court applied an earlier version of section 998, but the revisions have no impact on our analysis.

section 998 is not entitled to its postoffer attorney fees as part of those costs, even though the prevailing plaintiff may obtain its preoffer attorney fees as part of its preoffer costs. [Citation.]" (*Scott*, at p. 1115, fn. 3, italics added.)

In other words, section 998 does not grant greater rights to attorney's fees than those provided by the underlying statute. Section 998 instead merely expands the group of those who are treated as prevailing parties and who therefore may be entitled to attorney's fees as prevailing parties under the relevant statute. Under FEHA, a prevailing defendant is entitled to attorney's fees only if the action is deemed unreasonable, frivolous, or meritless. A prevailing plaintiff, in contrast, ordinarily is entitled to fees. A FEHA action therefore presents the very situation contemplated by the California Supreme Court in its footnote: the Legislature has determined that prevailing plaintiffs and prevailing defendants in FEHA actions be treated differently.

Following the court's observations in *Scott*, we therefore find that section 998 does not eliminate the substantive requirements for awarding attorney's fees to a prevailing FEHA defendant. We further conclude the trial court was correct to apply the *Christiansburg* standard and, thus, to deny defendants' request for attorney's fees on the basis that the action was not without any legal or factual foundation.[10] This result is in keeping with the policy set forth in *Christiansburg* regarding the unequal treatment of prevailing defendants and prevailing plaintiffs in a discrimination suit. (See *Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1562 [47 Cal.Rptr.3d 206] (*Seever*) [noting that *Christiansburg* and related California cases demonstrate judicial "sensitivity to the imbalance inherent in allowing equal cost-shifting between unequal parties"].) Defendants present no persuasive argument for allowing the application of section 998 to supplant the established standard that seeks to deter frivolous suits while providing adequate support and incentive for meritorious actions.[11] We thus concur with the trial court's denial of defendants' motion for postoffer attorney's fees.

---

[10] As noted above, defendants object only to the application of the *Christiansburg* standard and do not argue on appeal that the claim was "frivolous, unreasonable, or groundless."

[11] We note briefly that the issues presented in defendants' primary authorities are materially different from the issue presented in this case. (See *Seever, supra*, 141 Cal.App.4th 1550 [the plaintiff appealed award of § 998 postoffer costs, which did not include attorney's fees, to the prevailing defendant in FEHA action]; *Steele v. Jensen Instrument Co.* (1997) 59 Cal.App.4th 326 [69 Cal.Rptr.2d 135] [court reviewed trial court's denial of attorney's fees to the prevailing *plaintiff* in FEHA action in which the plaintiff rejected settlement offer that exceeded final judgment].)

## IV.  Disposition

In appeal No. H030999, the judgment is affirmed.

In appeal No. H031234, the trial court's February 13, 2007 postjudgment order awarding defendants $20,000 in expert witness fees and denying defendants' motion for attorney's fees is affirmed.

Each party is to bear its own costs on appeal.

McAdams, J., and Duffy, J., concurred.