**In the Matter of: Melanie HUGHES, Debtor,**

ed by 9th Cir. R. 36–3.

**Melanie Hughes, Appellant,**

v.

**Clayeo C. Arnold;  et al., Appellees.**

No. 08–17338.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 8, 2009.

Melanie Hughes, Sacramento, CA, pro se.

Amelia Ryan Pritchard, Esquire, Gregory Joseph Hughes, Esquire, Hughes & Pritchard, Roseville, CA, for Appellees.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Melanie Hughes, an attorney, appeals pro se from the district court's judgment affirming the bankruptcy court's partial summary judgment that her debt to defendants was nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6).  We have jurisdiction pursuant to 28 U.S.C. § 158(d).  We review de novo the district court's decision on appeal from a bank-

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ruptcy court and the bankruptcy court's decision to grant summary judgment. *Ditto v. McCurdy,* 510 F.3d 1070, 1075 (9th Cir.2007), and we affirm.

The bankruptcy court did not err when it granted summary judgment on the nondischargeability of Hughes's debt based on her willful and malicious conduct. *See* 11 U.S.C. § 523(a)(6) (providing for exceptions to discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity").

Contrary to Hughes's contentions, the bankruptcy court properly gave preclusive effect to the state court order awarding attorney's fees because the issue of Hughes's willfulness and maliciousness was squarely before the court when it determined whether her conduct was unreasonable, frivolous, meritless, or in bad faith under California Government Code § 12965. *See Mangano v. Verity, Inc.,* 167 Cal.App.4th 944, 84 Cal.Rptr.3d 526, 529 (2008) (explaining that prevailing defendants may recover attorney's fees under Cal. Gov.Code § 12965 "only if the plaintiff's lawsuit is deemed unreasonable, frivolous, meritless, or vexatious"); *People v. Carter,* 36 Cal.4th 1215, 32 Cal.Rptr.3d 838, 117 P.3d 544, 562 (2005) (explaining that an issue is actually litigated when it is properly raised, submitted for determination, and determined).

Hughes's contention that nondischargeability under 11 U.S.C. § 523(a)(6) is conditioned on an intentional tort, rather than a general intention to cause injury, is equally unavailing. *See Ditto,* 510 F.3d at 1078 (explaining that the critical inquiry is whether the debtor desires to cause consequences of her act, or that she believes the consequences are substantially certain to result from it).

Hughes's remaining contentions are unpersuasive.

We grant Hughes's motion to file a page missing from her excerpts of record. The clerk shall file the missing excerpt page received on March 27, 2009.

We deny Hughes's motion to augment the excerpts of record.

We grant appellees' motion to strike portions of the excerpts of record.

**AFFIRMED.**