DUNNING, J.**
*76 INTRODUCTION
Defendant Kava Holdings, Inc., dba Hotel Bel-Air (defendant) terminated two restaurant servers after they were involved in an altercation during work. One of the fired employees, plaintiff Felix Huerta, sued defendant on a variety of legal theories, most of which were dismissed before or during trial. The trial court granted defendant's motion for nonsuit as to plaintiff's claim for retaliation under the Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq. ), and allowed the jury to decide plaintiff's FEHA causes of action for harassment based on a hostile work environment, discrimination, and failure to prevent harassment and/or discrimination. The jury returned a verdict in defendant's favor.
Postjudgment, the trial court found plaintiff's action was not frivolous and denied defendant's motion for attorney fees, expert fees and costs under Government Code section 12965, subdivision (b) ( section 12965(b) ). Based on plaintiff's rejection of defendant's pretrial Code of Civil Procedure section 998[1] settlement offer, however, the trial court awarded defendant $50,000 in costs and expert witness fees under that statute.
*74 In the unpublished portion of the opinion, we affirm the judgment. The trial court properly granted nonsuit on plaintiff's FEHA retaliation claim and did not prejudicially limit his counsel's closing argument.
In the published portion of the opinion, we note that effective January 1, 2019, section 998 will have no application to costs and attorney and expert witness fees in a FEHA action unless the lawsuit is found to be "frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so."[2] For litigation that predates the application of the amended version of section 12965(b), we hold section 998 does not apply to nonfrivolous FEHA actions and reverse the order awarding defendant costs and expert witness fees pursuant to that statute. ( Arave v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (2018) 19 Cal.App.5th 525, 228 Cal.Rptr.3d 120 ( Arave ).)
*77 I. FACTUAL AND PROCEDURAL BACKGROUND[3]
A.-E.***
F. Postjudgment Proceedings
As the prevailing party in a FEHA action, defendant sought costs, expert witness fees, and attorney fees pursuant to section 12965(b). As the prevailing party that obtained a result more favorable than the sum it was willing to settle for, defendant sought the same costs and fees pursuant to section 998. Defendant's memorandum of costs was in the total amount of $111,242.83, which included $47,322.50 in expert witness fees. Defendant asked for $1,318,955 in attorney fees.
Plaintiff moved to tax and/or strike defendant's costs, arguing section 12965(b) precluded an award of costs to defendant as prevailing party unless the trial court determined plaintiff's action was " ' "unreasonable, frivolous, meritless or vexatious." ' " ( Cummings v. Benco Building Services (1992) 11 Cal.App.4th 1383, 1387, 15 Cal.Rptr.2d 53, quoting Christiansburg Garment Co. v. E. E. O. C. (1978) 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 ( Christiansburg ).) Plaintiff opposed the request for attorney fees on the same basis.
Almost six months of briefing and collateral motions followed. During this period, defendant submitted a revised memorandum of costs in the amount of $98,863.59. This memorandum eliminated costs incurred before service of the section 998 offer. After a hearing, the trial court took the motions under submission and issued a detailed written ruling one month later.
The trial court first analyzed each item of claimed post-settlement offer ordinary costs (§ 1033.5)[9] and determined the requested amounts were necessary and reasonable. Nonetheless, finding plaintiff's action was not frivolous, the trial court determined section 12965(b) precluded awarding defendant ordinary costs, expert witness fees, and attorney fees.
*75 The trial court then considered each category of post-settlement offer costs and analyzed whether they could be awarded based on the rejected section 998 settlement offer. The trial court concluded defendant was not entitled to postoffer attorney fees because the action was not frivolous. It did, however, *78 award defendant its postoffer ordinary costs and expert witness fees pursuant to section 998. Although the trial court previously found defendant's incurred costs to be necessary and reasonable, the trial court reduced the award to $50,000 based on plaintiff's economic circumstances.
Plaintiff timely appealed from the judgment and the postjudgment order awarding defendant costs and expert witness fees pursuant to section 998. We ordered the appeals consolidated for all purposes.
II. DISCUSSION
A.-B.†
C. Section 998 Does Not Apply to This Nonfrivolous FEHA Action
1. Overview
In awarding defendant its ordinary costs and expert witness fees pursuant to section 998, but reducing the award from a sum accepted as necessary and reasonable to an amount that reflected plaintiff's limited economic resources, the trial court relied on Seever v. Copley Press, Inc. (2006) 141 Cal.App.4th 1550, 47 Cal.Rptr.3d 206 ( Seever ) and Holman v. Altana Pharma US, Inc. (2010) 186 Cal.App.4th 262, 111 Cal.Rptr.3d 554 ( Holman ). ( Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.)
Both Seever and Holman predate Williams v. Chino Valley Independent Fire Dist. (2015) 61 Cal.4th 97, 186 Cal.Rptr.3d 826, 347 P.3d 976 ( Williams ), where the Supreme Court held section 12965(b), which controls the award of costs in FEHA actions, is an "express exception" to section 1032, subdivision (b). ( Williams , at p. 105, 186 Cal.Rptr.3d 826, 347 P.3d 976.) Additionally, since the trial court entered its postjudgment order in this case, the legal landscape has expanded to include Arave, supra, 19 Cal.App.5th 525, 228 Cal.Rptr.3d 120. In Arave, the Court of Appeal tackled Holman head-on and held section 998 does not apply in nonfrivolous FEHA actions.
For the reasons that follow, we find the Arave analysis and result persuasive. We hold the general policies behind section 998 must yield to the *79 specific policies concerning costs and attorney and expert witness fee awards in nonfrivolous FEHA actions.[11]
We begin our analysis by discussing the law applicable to prevailing party costs in *76 civil actions generally (§§ 1032, 1033.5) and in FEHA actions specifically ( § 12965(b) ). We then review the authorities relied upon by the trial court and the interplay between those authorities and section 998, the statute designed "to encourage the settlement of lawsuits before trial ... by punishing a party who fails to accept a reasonable offer from the other party." ( Hurlbut v. Sonora Community Hospital (1989) 207 Cal.App.3d 388, 408, 254 Cal.Rptr. 840.)
2. Prevailing party costs: Civil Actions v. FEHA Actions
Generally, the prevailing party in "any action or proceeding" is entitled to costs as a matter of right. (§ 1032, subd. (b).) By statute, a defendant against whom a plaintiff recovers no relief is a "prevailing party." (Id. , subd. (a)(4).) A trial court has no discretion to deny prevailing party status to such a defendant. ( Charton v. Harkey (2016) 247 Cal.App.4th 730, 738, 202 Cal.Rptr.3d 369 ( Charton ).)
A trial court also has no discretion to deny the prevailing party its ordinary costs; they are to be awarded "as a matter of right," unless a statute expressly dictates otherwise. (§ 1032, subd. (b).) Section 1033.5 lists the ordinary costs that must be awarded to a prevailing party. The fees of expert witnesses, unless ordered by the trial court, are not recoverable as ordinary costs. (Id., subd. (b)(1).) Nor are attorney fees, unless authorized by law or the parties' contract. (Id., subd. (a)(10).)
In addition to being automatic, cost awards to the prevailing party pursuant to section 1032, subdivision (b) are symmetrical, i.e., the prevailing party, whether a plaintiff or a defendant, is entitled to them. ( Charton , supra , 247 Cal.App.4th at p. 738, 202 Cal.Rptr.3d 369.)
*80 On the other hand, an award of costs to the prevailing party in a FEHA action is never a matter of right, but is always within a trial court's discretion. ( § 12965(b) ; Williams, supra, 61 Cal.4th at p. 108, 186 Cal.Rptr.3d 826, 347 P.3d 976.) Notably, that discretion extends to awarding the prevailing party in a FEHA action not just the ordinary litigation costs, but also attorney fees and expert witness fees.[12]
As always, however, a trial court's discretion has boundaries. The demarcation here is an asymmetrical one; the trial court's discretion to award costs-including attorney fees and expert witness fees-to a prevailing defendant in a FEHA action is not coextensive with the discretion it possesses when a plaintiff is the prevailing party.
The asymmetrical standard was articulated by the United States Supreme Court 40 years in Christiansburg, supra, 434 U.S. 412, 98 S.Ct. 694. There, the Supreme Court recognized trial courts have discretion to award attorney fees to the prevailing plaintiff in an Equal Employment Opportunity Commission action simply because plaintiff prevailed. The Supreme Court held that discretion does not extend to an award of attorney fees to a prevailing defendant unless the trial court also finds the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." ( Christiansburg, supra, at p. 422, 98 S.Ct. 694.) California *77 courts, of course, adhere to Christiansburg's asymmetrical standard for awards of attorney fees in FEHA actions. ( Chavez v. City of Los Angeles (2010) 47 Cal.4th 970, 985, 104 Cal.Rptr.3d 710, 224 P.3d 41.)
In Baker v. Mulholland Security & Patrol, Inc. (2012) 204 Cal.App.4th 776, 139 Cal.Rptr.3d 235, this court applied the Christiansburg asymmetrical standard to expert witness fees as well: "We agree the standard applicable to attorney's fees should apply to expert witness fees for a prevailing FEHA defendant. Expert fees, just like attorney's fees, are not ordinary litigation costs which are routinely shifted under Code of Civil Procedure sections 1032 and 1033.5. Like attorney's fees, expert fees should be treated differently than ordinary litigation costs because they can be expensive and unpredictable, and could chill plaintiffs from bringing meritorious actions." ( Id. at p. 783, 139 Cal.Rptr.3d 235.)
Finally, in Williams, supra, 61 Cal.4th 97, 186 Cal.Rptr.3d 826, 347 P.3d 976, the California Supreme Court held the Christiansburg standard applies to the award of ordinary costs as *81 well as attorney fees[13] when the defendant prevails in a nonfrivolous FEHA action: "To reiterate, under that standard a prevailing plaintiff should ordinarily receive his or her costs and attorney fees unless special circumstances would render such an award unjust. [Citation.] A prevailing defendant, however, should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so." ( Id. at p. 115, 186 Cal.Rptr.3d 826, 347 P.3d 976.)
3. Section 998 and FEHA Actions
In addition to the asymmetrical standard, the law is now well settled that section 12965(b) is an express exception to the prevailing party cost provisions in section 1032, subdivision (b). Section 1032, subdivision (b) does not apply in FEHA actions, as the trial court acknowledged. ( Williams, supra, 61 Cal.4th at p. 109, 186 Cal.Rptr.3d 826, 347 P.3d 976.)
What had not been settled, though, is whether section 998 applies in nonfrivolous FEHA actions when a plaintiff refuses a defendant's reasonable statutory settlement offer, but fails to achieve a better result. Under this scenario, appellate courts traditionally discussed section 998 's applicability by cost category, i.e., ordinary costs, attorney fees, and expert witness fees. The trial court followed that formula and determined defendant was not entitled to section 998 attorney fees, but did award ordinary costs and expert witness fees pursuant to section 998, albeit in a reduced sum based on plaintiff's economic resources. In so ruling, the trial court relied on a trio of pre- Williams appellate decisions:
The trial court denied defendant its postoffer attorney fees under section 998, citing Mangano v. Verity, Inc. (2008) 167 Cal.App.4th 944, 84 Cal.Rptr.3d 526 ( Mangano ). In Mangano , the trial court granted the defendant employer's summary judgment motion in a FEHA action. Defendant then sought an award of expert witness fees and attorney fees incurred after it served a section 998 settlement offer. The trial court awarded the defendant expert witness fees, but denied its request for attorney fees. Both sides appealed; the Court of Appeal affirmed.
*78 No one contended on appeal the FEHA action was frivolous. ( Mangano, supra, 167 Cal.App.4th at p. 951, fn. 10, 84 Cal.Rptr.3d 526.) With that understanding, Mangano held the Christiansburg standard applied and there was no "persuasive argument for allowing the application of section 998 to supplant the established standard that seeks to deter frivolous suits while providing adequate *82 support and incentive for meritorious actions." ( Id. at p. 951, 84 Cal.Rptr.3d 526.) Accordingly, it affirmed the trial court's denial of an award of attorney fees to the prevailing defendant.[14]
Citing Seever, supra, 141 Cal.App.4th 1550, 47 Cal.Rptr.3d 206, the trial court granted defendant's request for section 998 postoffer ordinary costs, but in a reduced amount based on plaintiff's economic resources. Seever involved an award of ordinary costs and expert witness fees to the prevailing defendant whose section 998 offer was rejected.
Nowhere in Seever does one find the words "frivolous" or "nonfrivolous." Seever's initial citation to Christiansburg was in the context of "the imbalance inherent in allowing equal cost-shifting between unequal parties." ( Seever, supra, 141 Cal.App.4th at p. 1562, 47 Cal.Rptr.3d 206.) Seever attributed the denial of attorney fees and discretionary costs to prevailing defendants in a FEHA action to judicial concerns that "shifting these litigation expenses to what ordinarily are modest- or low-income individuals would unduly discourage these plaintiffs from litigating legitimate claims." ( Ibid. )
Seever did not cite or make reference to section 12965(b). Instead, the appellate panel appeared to accept that the strong public policy behind section 998 compelled its application in FEHA actions,[15] and then focused on the potential inequities of shifting costs to a plaintiff whose economic circumstances were typically more modest than those of the defendant. To that end, Seever fashioned a "means" test to fairly weight economic incentives and consequences: "Thus, seldom would a court properly deny a successful defendant its entire section 998 cost award, even in a FEHA case. But consistent with the rationale of Christiansburg and like California decisions, it is entirely appropriate and indeed necessary for trial courts to 'scale' those awards downward to a figure that will not unduly pressure modest- or low-income plaintiffs into accepting unreasonable offers. [¶] Because the [trial] court here made no inquiry about Seever's financial situation, we do not know whether the cost award ... represents an unduly powerful settlement incentive to a litigant of Seever's means." ( Seever, supra, 141 Cal.App.4th at p. 1562, 47 Cal.Rptr.3d 206.)
*83 The trial court relied on Holman, supra, 186 Cal.App.4th 262, 111 Cal.Rptr.3d 554 to award defendant its section 998 postoffer expert witness fees, also in a reduced amount, per Seever . In Holman, the Court of Appeal held a trial court has discretion to award the prevailing employer in a *79 FEHA case expert witness fees under section 998 without first establishing the plaintiff's case was frivolous. ( Id. at p. 280, 111 Cal.Rptr.3d 554.) Where the FEHA action is not frivolous, however, the trial court must "scale" an award of expert witness fees to take into account the plaintiff's economic resources. ( Id. at pp. 283-284, 111 Cal.Rptr.3d 554.)
Although it predated Williams, Holman presciently "assume[d] for purposes of this appeal that ... the Christiansburg standard appl[ies] when not only attorney fees, but also expert witness fees, are awarded under section 12965 to a prevailing defendant." ( Holman, supra, 186 Cal.App.4th at p. 280, 111 Cal.Rptr.3d 554.) Holman rejected, however, the notion that section 12965(b) was an express exception to section 1032, subdivision (b) prevailing cost provisions. ( Holman , at p. 281, 111 Cal.Rptr.3d 554.) That conclusion led to Holman's reliance on Murillo v. Fleetwood Enterprises, Inc. (1998) 17 Cal.4th 985, 73 Cal.Rptr.2d 682, 953 P.2d 858 ( Murillo ) to analyze whether section 998 authorized an award of expert witness fees in FEHA actions.
In Murillo, the Supreme Court held the prevailing party cost provisions in the Song-Beverly Consumer Warranty Act ( Civ. Code, § 1790 et seq. ) are not " 'express' exception[s]" to section 1032, subdivision (b). ( Murillo, supra, 17 Cal.4th at p. 991, 73 Cal.Rptr.2d 682, 953 P.2d 858.) Having reached that conclusion, the Supreme Court "likewise conclude[d]" the Song-Beverly Act provided no impediment to awarding expert witness fees to the prevailing defendant whose section 998 settlement offer was rejected: "[T]he requirements for recovery of costs and fees under section 998 must be read in conjunction with section 1032(b), including the requirement that section 998 costs and fees are available to the prevailing party '[e]xcept as otherwise expressly provided by statute.' ( § 1032(b), italics added.) Because the cost-shifting provisions of the Song-Beverly Act do not 'expressly' disable a prevailing defendant from recovering section 998 costs and fees in general, or expert witness fees in particular, we find nothing in the Act prohibiting the trial court's exercise of discretion to award expert witness fees to seller" pursuant to section 998. ( Murillo , at p. 1000, 73 Cal.Rptr.2d 682, 953 P.2d 858, fn. omitted.)
Holman found no inconsistency with Mangano, supra , 167 Cal.App.4th 944, 84 Cal.Rptr.3d 526. Holman concluded, again relying on Murillo , that "attorney fees are subject to different rules than those applicable to other costs." ( Holman, supra, 186 Cal.App.4th at p. 283, 111 Cal.Rptr.3d 554.) But erasing the distinction between the treatment *84 of attorney fees and costs pursuant to section 12965(b) was the point in Williams . ( Williams, supra, 61 Cal.4th at p. 112, 186 Cal.Rptr.3d 826, 347 P.3d 976 ["The Legislature's choice of statutory language indicates it intended the same rule apply to ordinary litigation costs as to attorney fees"].)
Williams did not involve section 998, so its Murillo discussion is limited to the express exception/section 1032, subdivision (b) issue. In 2018, however, our colleagues in Division Two of the Fourth Appellate District analyzed both Murillo and Williams, surveyed the development of the law, and concluded there is no statutory authority to award section 998 postoffer fees and costs in a nonfrivolous FEHA action. ( Arave, supra, 19 Cal.App.5th at p. 553, 228 Cal.Rptr.3d 120.)
Arave reasoned as follows: Section 12965(b) is an express exception to section 1032, subdivision (b). Section 998"operates only as an adjustment to cost awards under Section 1032(b), [so] it follows that Section 12965(b) overrides Section 998(c)
*80 .... [I]f a defendant may not obtain an award of costs under Section 1032(b) [because] plaintiff's claim are nonfrivolous, the trial court may not augment an award of costs by awarding expert witness fees under Section 998(c)." ( Arave, supra, 19 Cal.App.5th at p. 553, 228 Cal.Rptr.3d 120.)
We find Arave's logic unassailable. The Legislature expressly pegs section 998 to section 1032. ( § 998, subd. (a).) In non-FEHA actions, a "defendant is entitled under section 998 to those costs incurred after the settlement offer to which a prevailing party would be entitled under section 1032." ( Scott Co. v. Blount, Inc. (1999) 20 Cal.4th 1103, 1112-1113, 86 Cal.Rptr.2d 614, 979 P.2d 974.) In non-FEHA actions, where the special prevailing party cost statute is not an express exception to section 1032, a defendant is also entitled under section 998 to its postoffer costs. ( Murillo, supra, 17 Cal.4th at p. 1000, 73 Cal.Rptr.2d 682, 953 P.2d 858.) But in nonfrivolous FEHA cases, the prevailing party cost provisions are express exceptions to section 1032. ( Williams supra, 61 Cal.4th at p. 105, 186 Cal.Rptr.3d 826, 347 P.3d 976.) It follows, then, that section 998 does not apply in nonfrivolous FEHA actions. ( Arave, supra, 19 Cal.App.5th at p. 553, 228 Cal.Rptr.3d 120.)
Analyzed thusly, for cases that predate the amendment to section 12965(b), we see no reason to differentiate between the treatment of ordinary costs, attorney fees, and expert witness fees in nonfrivolous FEHA actions. The language in section 12965(b) indicates all three categories are subject to the same rules.
*85 DISPOSITION
The judgment is affirmed. The postjudgment order awarding respondent costs and expert witness fees pursuant to section 998 is reversed. In the interests of justice, no costs on appeal are awarded.
We concur:
RUBIN, Acting P. J.
GRIMES, J.

Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

With the exception of section 12965(b), all undesignated statutory references will be to the Code of Civil Procedure.

Section 12965(b), as amended by Statutes 2018, chapter 955, section 5.

The jury trial spanned more than three weeks; but on appeal, plaintiff raises only two issues related to the conduct of the trial itself. Accordingly, this portion of the opinion will focus on evidence relevant to the retaliation claim, with an emphasis on testimony favorable to plaintiff. We will not address damages or expert witness testimony or delve with detail into the evidence that pertained only to the harassment and discrimination causes of action.

See footnote *, ante .

These costs included jury fees, deposition costs, service of process fees, expert witness fees, models/blowups/exhibit photocopies, and court reporter fees.

See footnote *, ante .

The Legislature agrees. Section 12965(b) has been amended, effective January 1, 2019, to add the following bold language in the concluding sentence: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees, except that, notwithstanding Section 998 of the Code of Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so ."
We also emphasize nothing in our opinion is intended to apply to FEHA actions deemed "frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." In those cases, the trial court retains discretion to award fees and costs pursuant to section 12965(b). (Williams, supra, 61 Cal.4th at p. 115, 186 Cal.Rptr.3d 826, 347 P.3d 976 ; Arave, supra, 19 Cal.App.5th at p. 554, 228 Cal.Rptr.3d 120.)

Section 12965(b), as originally enacted in 1980, did not give trial courts the discretion to award expert witness fees to the prevailing party in a private FEHA action. The Legislature amended the section in 1999 to add that discretion, abrogating the holding in Davis v. KGO-T.V., Inc. (1998) 17 Cal.4th 436, 71 Cal.Rptr.2d 452, 950 P.2d 567. (Williams, supra, 61 Cal.4th at p. 106, fn. 1, 186 Cal.Rptr.3d 826, 347 P.3d 976.)

Expert witness fees were not an issue in Williams , and the Supreme Court did not address that category of costs in the FEHA context.

On the other hand, Mangano also affirmed the grant of expert witness fees to the prevailing defendant pursuant to section 998. That portion of the decision is not published (Mangano, supra, 167 Cal.App.4th at p. 948, 84 Cal.Rptr.3d 526 ), however, so we have no insight into the appellate panel's reasoning on that score, other than to observe Christiansburg was an attorney fees case and did not involve a claim for expert witness fees.

Seever observed that section 998"is designed to create economic incentives on both parties to settle rather than try their lawsuits. To do so, both sides must face some economic consequences if it turns out they miscalculate and lose." (Seever, supra, 141 Cal.App.4th at p. 1562, 47 Cal.Rptr.3d 206.)