Filed 3/25/21  Sepah v. County of L.A. Dept. of Mental Health CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TORANG SEPAH,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COUNTY OF LOS ANGELES, DEPARTMENT OF MENTAL HEALTH,<br><br>    Defendant and Appellant. | B297642<br><br>(Los Angeles County Super. Ct. No. BC622387) |

APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

Gutierrez, Preciado & House, Calvin House and Nohemi Gutierrez Ferguson, for Defendant and Appellant.

Benham-Baker Legal, Hillary Benham-Baker, for Plaintiff and Respondent.

Torang Sepah, M.D. (Sepah) sued her former employer, the County of Los Angeles (County), for violation of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.[1]) and other alleged wrongs. The trial court summarily adjudicated the FEHA claims in the County's favor and there were defense verdicts on the remaining causes of action in jury and court trials. The County then asked the court to award it attorney fees, relying on a FEHA provision that authorizes such an award to a *defendant* only for claims that are frivolous or without foundation. The trial court denied that motion and the County pursued an appeal—even though by then we had determined, in resolving Sepah's prior appeal, that she raised a triable issue of material fact on her FEHA retaliation claim and that reversal of summary adjudication on her defamation claim was required. (*Sepah v. County of Los Angeles* (Mar. 2, 2020, B290775 [nonpub. opn.]) (*Sepah I*).) We accordingly notified the County we were considering imposing sanctions for pursuing a frivolous appeal and we now decide that question, which of course requires us to also address the merits of the County's appeal.

## I. BACKGROUND[2]

### A.    *The Lawsuit and the Prior Appeal*

Sepah sued the County after she was terminated from her position as a jail psychiatrist. (*Sepah I, supra*, B290775 at 2-3.)

---

[1]    Undesignated statutory references that follow are to the Government Code.

[2]    On our own motion, we take judicial notice of the appellate record in *Sepah I* and of our unpublished opinion in that case. (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).)

In her operative complaint, Sepah alleged three claims under FEHA: two discrimination-based claims (gender discrimination and a failure to prevent discrimination) and a retaliation claim. (*Id*. at 3.) Sepah also asserted a number of other causes of action including two whistleblower retaliation claims (one pursuant to Labor Code section 1102.5, the other under Health and Safety Code section 1278.5) and a defamation claim. (*Ibid*.)

Before trial, the County moved for summary judgment or, in the alternative, summary adjudication on each cause of action. The trial court granted the County's motion in part, summarily adjudicating the FEHA discrimination and retaliation claims and the defamation claim, but allowing the non-FEHA retaliation claims to go to trial. (*Sepah I, supra*, B290775 at 3, 28-29.) A jury found against Sepah on the Labor Code claim and the trial court ruled in favor of the County on the Health and Safety Code cause of action after a bench trial. (*Id*. at 4-5.)

### B.    *The County's Motion for Attorney Fees*

After judgment was entered in its favor on all causes of action, the County sought to recover its costs and attorney fees under FEHA. The County argued it was entitled to all of its attorney fees—totaling in excess of $500,000 and including work done in defense of both the FEHA and non-FEHA claims—because Sepah's entire lawsuit was frivolous, brought in bad faith, and prosecuted without reasonable cause.

The trial court granted Sepah's motion to strike the County's costs request because her FEHA and non-FEHA claims were based on the same allegations of "intertwined misconduct." In view of its earlier ruling which allowed the non-FEHA retaliation claims to survive summary adjudication, the trial

3

court found Sepah presented colorable claims and had an objective basis for believing her claims had potential merit.

Two weeks later, on November 6, 2018, the trial court denied the County's motion for attorney fees, also in its entirety. After referencing its earlier ruling on costs, the court re-affirmed its finding that the FEHA and non-FEHA claims were "intertwined." Because Sepah's claims, some of which were ultimately resolved by trial, were factually entwined, the court expressly found her lawsuit was "not frivolous, vexatious or unreasonable."

C.    *Sepah's Appeal of the Judgment and the Prosecution of This Appeal*

Sepah appealed the judgment entered against her, and in an opinion issued in March 2020, we reversed the judgment in part. We affirmed the judgment as to the FEHA and retaliation claims, but specifically as to the FEHA retaliation claim, we did conclude the trial court erred in summarily adjudicating that claim in the County's favor. (*Sepah I, supra,* B290775 at 26-31 [explaining the evidence supporting that claim was the same evidence that sufficed to establish a material issue of fact requiring trial on her whistleblower retaliation claims under the Labor Code and Health and Safety Code].) Only because Sepah did not demonstrate prejudice resulting from the erroneous summary adjudication ruling did we decline to reverse on that ground. (*Id.* at 30-31.) We did reverse summary adjudication of the defamation claim, though, and we remanded for further proceedings to resolve that cause of action. (*Id.* at 32-36.)

In the meantime, the County had noticed an appeal of the trial court's ruling denying its motion for attorney fees for

4

prosecuting a frivolous lawsuit. The County's short opening brief was filed in June 2020, and sole paragraph of analysis in the brief argued as follows (exclusive of citations to the record): "Sepah was aware from the onset of the litigation, pursuant to the allegations in her Complaint, that the termination of her locum tenens assignment was based on the anonymous complaint by her coworkers. She never presented any evidence to the contrary. Although she denied engaging in the conduct that was the subject of the anonymous complaint at her deposition, several witnesses testified to the contrary. At trial, she finally admitted to some of the conduct identified in the letter. Her own emails provided further evidence of inappropriate conduct."

After the filing of the respondent's and reply briefs, this court gave notice it was considering imposing sanctions of $8,500 for prosecuting a frivolous appeal. The County filed an opposition to imposition of sanctions, as invited by our notice. The opposition argued sanctions were not warranted "[b]ecause [our] statement about the trial court's ruling on the summary judgment motion was not necessary to [our] decision, and because surviving a summary judgment motion by itself does not foreclose an award of attorney[ ] fees . . . ." At the same time, the opposition acknowledged the County should have addressed our analysis in *Sepah I* "head on in the opening brief," asked us to consider "some lesser sanction" if sanctions were imposed, and stated our notice "was enough to instill in counsel the need to consider carefully the merits of appeals and arguments that he presents to this Court."

We set the matter for oral argument, combining the issue of sanctions with the merits of the appeal.

## II. DISCUSSION

The trial court correctly denied the County's motion for attorney fees. Sepah's FEHA and non-FEHA claims were factually intertwined, and the County does not contend otherwise. Because Sepah's non-FEHA retaliation claims survived summary adjudication and each was ultimately tried to verdict, the trial court did not abuse its discretion in determining the lawsuit—including the factually-intertwined FEHA claims— was not frivolous, unreasonable, or groundless when brought (and never became so thereafter).

Although Sepah's lawsuit was not frivolous, the same cannot be said for this appeal. The County's opening brief totals 11 pages (exclusive of the caption page, certificate of interested parties, and tables of contents and authorities), and the argument for deeming Sepah's suit frivolous is presented in a single paragraph. The opening brief was filed months after we issued our opinion in *Sepah I* and yet it includes no meaningful discussion of that opinion—including its conclusion that Sepah raised a triable issue of material fact on her FEHA retaliation claim and the intertwined facts that underlie all the complaint's retaliation claims, some of which required trials to resolve. Under these circumstances, no reasonable attorney could believe there was merit to pursuing this appeal. We shall therefore sanction the County's attorney of record for prosecuting a frivolous appeal.

### A. *The Denial of the Attorney Fee Award Was Proper*

Attorney fees are allowable as costs to a prevailing party when authorized by statute. (Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10)(B).) FEHA authorizes courts to award prevailing

parties their reasonable attorney fees and costs. (§ 12965, subd. (b).) However, a prevailing defendant in a FEHA action may recover its fees and costs only if the trial court "finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." (*Ibid.*; *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115 [a prevailing FEHA defendant "should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so"]; accord, *Huerta v. Kava Holdings, Inc.* (2018) 29 Cal.App.5th 74, 79-81.)

"We review the trial court's denial of attorney fees to [the County] for abuse of discretion." (*Arave v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (2018) 19 Cal.App.5th 525, 545.)

The trial court, which presided over the motion for summary judgment and both trials, found Sepah's FEHA claims (that did not survive summary adjudication) were factually intertwined with her non-FEHA retaliation claims (that did survive summary adjudication). On appeal, the County does not challenge or even acknowledge, the trial court's intertwined finding.

In view of the trial court's determination that Sepah's FEHA and non-FEHA claims were factually intertwined and that two of those non-FEHA claims survived summary adjudication and were tried and resolved on their merits, the trial court correctly concluded the lawsuit was not objectively without foundation when brought or thereafter. That is also consistent with our discussion of the issues in *Sepah I*, particularly our resolution of the FEHA retaliation issue. The trial court was therefore correct to deny the motion for attorney fees.

7

In so holding, we recognize merely surviving summary judgment does not automatically render a FEHA plaintiff immune to an award of attorney fees. (*Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859, 867 [rejecting a "bright line shielding survivors of summary judgment" in FEHA cases from attorney fee awards].) However, the conditions under which a FEHA plaintiff would likely be ordered to pay a prevailing defendant's attorney fees after surviving summary judgment are not present here. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 920 & fn. 3 [rejecting unsuccessful FEHA plaintiff's argument that he should not have to pay the prevailing defendant's attorney fees because plaintiff survived summary judgment on procedural grounds only]; *Daramola v. Westinghouse Elec. Corp.* (W.D.Pa. 1995) 872 F.Supp. 1418, 1419-1420 [awarding prevailing defendant its attorney fees in an employment discrimination action, because even though plaintiff survived summary judgment it was revealed at trial that the plaintiff "fabricated evidence and lied to the court"].) Here, Sepah's whistleblower retaliation claims survived summary adjudication because they raised material issues of disputed fact, not because the County's motion was procedurally deficient or because the evidence Sepah relied on to avoid summary adjudication was fabricated.

## B. Sanctions Are Appropriate Because This Appeal is Frivolous

We have the authority to impose sanctions on our motion where an appellant has prosecuted a frivolous appeal. (Cal. Rules of Court, rule 8.276(a)(1).) "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—

to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 (*Flaherty*); accord, *In re Reno* (2012) 55 Cal.4th 428, 512-513.) "An appeal taken for an improper motive represents a time-consuming and disruptive use of the judicial process. Similarly, an appeal taken despite the fact that no reasonable attorney could have thought it meritorious ties up judicial resources and diverts attention from the already burdensome volume of work at the appellate courts." (*Flaherty*, *supra*, 31 Cal.3d at 650.) Whether an attorney "acted in an honest belief there were grounds for appeal makes no difference if any reasonable person would agree the grounds for appeal were totally and completely devoid of merit." (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 556-557.)

In order to avoid having a "chilling effect on the assertion of litigants' rights on appeal," the power to impose sanctions for prosecuting frivolous appeals "should be used most sparingly to deter only the most egregious conduct." (*Flaherty*, *supra*, 31 Cal.3d at 650-651.) Courts consider "the degree of objective frivolousness and delay[,] and the need for discouragement of like conduct in the future" when determining the appropriate amount of sanctions. (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 33-34.)

Three months *before* the County filed its perfunctory opening brief, we issued our opinion in *Sepah I*, which in large part resolved the question presented in this appeal, i.e., whether Sepah's lawsuit was objectively without foundation (the answer, of course, is no). The County, however, continued to prosecute this appeal and filed an opening brief that did not meaningfully

9

discuss *Sepah I*, including its resolution of the FEHA retaliation claim.[3] Indeed, even after Sepah's respondent's brief highlighted our decision in *Sepah I*, the County's three-and-a-half page reply brief (almost a page of which is a word-for-word cut and paste job of the sole paragraph of analysis in the opening brief) still ignored the issue. The combination of the conscious disregard of *Sepah I* and the slapdash briefing persuades us the County knew—and any reasonable attorney would know—that this appeal was frivolous. It also suggests the County brought the appeal primarily for its vexatious effect.

That said, in view of counsel's contrition when we gave notice we were considering imposing sanctions, we believe sanctions in the amount of $900, payable to Sepah's counsel, will satisfy the objective of deterrence and vindicate the public interest in the orderly administration of justice. That is what we shall order.

## DISPOSITION

The order denying the County's motion for attorney fees is affirmed. Sepah is awarded her costs on appeal. For prosecuting

---

[3] Although the County's focus in its opening brief was on the viability of the FEHA claims, it also generally asserted (without any analysis of the non-FEHA claims) that Sepah's entire lawsuit was frivolous when brought. This contention is belied by the fact that the non-FEHA retaliation claims survived summary adjudication and it ignores entirely our holding in *Sepah I* that the trial court prejudicially erred by summarily adjudicating the defamation claim in the County's favor.

a frivolous appeal, the County's counsel of record, Calvin House, shall make a $900 sanctions payment to Benham-Baker Legal, Sepah's appellate attorneys. The sanctions are to be paid within 15 days of the issuance of the remittitur.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.